454 So.2d 691 (1984)
Alfred Floyd JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. AW-388.
District Court of Appeal of Florida, First District.
August 6, 1984.
Rehearing Denied September 5, 1984.
Michael Allen, Public Defender, Charlene V. Edwards, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant contends that the court below committed reversible error in refusing to sentence him pursuant to the new sentencing guidelines set forth in Rule 3.701, Florida Rules of Criminal Procedure, effective October 1, 1983, adopted by opinion In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983). We agree, and remand for resentencing.
This case is factually indistinguishable from Duggar v. State, 446 So.2d 222 (Fla. *692 1st DCA 1984).[1] In both cases, the defendants were placed on probation prior to the effective date of the guidelines, probation was revoked subsequent to the effective date of the guidelines, and on sentencing both defendants requested sentencing under the guidelines and these requests were denied by the trial court.
The trial court did not have the benefit of our decision and opinion in Duggar at the time of sentencing. The parties to this appeal were advised of and duly took note of the decision in their briefs. Appellant correctly insists that Duggar warrants reversal, while the State acknowledges the applicability of the guidelines to appellant's sentencing, under Duggar, but nevertheless argues that reversal and resentencing is not required. The State's position is premised upon the fact that the trial judge, in announcing his ruling that the guidelines were not applicable, further stated that if an appellate court should rule that appellant was entitled to be sentenced according to the guidelines, he would depart from the guidelines and impose a three year sentence, for the reason that appellant did not comply with his conditions of probation. The State contends that even if the trial judge erred in denying appellant's request to be sentenced under the guidelines, appellant's demonstrated unamenability to probation was a sufficient basis for the trial judge's departure from the sentencing guidelines.
The State's argument ignores the language in Section 921.001(4)(a), Florida Statutes (1983), which unambiguously provides that the guidelines shall be applied to all felonies (except capital and life felonies) committed prior to October 1, 1983, for which sentencing occurs after October 1, 1983, when the defendant affirmatively selects to be sentenced pursuant to the guidelines. We recognize that a trial judge may go outside the recommended range if he explains in writing the reasons for his departure, Section 921.001(6), Florida Statutes (1983), and Rule 3.701(d)(11), Florida Rules of Criminal Procedure, but this does not give the trial judge the discretion to refuse to apply the guidelines. The trial judge must make an initial determination of the recommended range for a defendant's crime, and only then may he make a determination that circumstances justify departure, giving his reasons in writing.[2]
We note in passing that the committee note upon which this court relied in Duggar has been deleted from the newly amended Rule 3.701. See The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984). In its place, the following provision has been added to subsection (d) of Rule 3.701:
Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.
Rule 3.701(d)(14), Florida Rules of Criminal Procedure. Pursuant to Section 921.001(4)(b), the Legislature passed legislation *693 implementing the guidelines as revised effective July 1, 1984. Ch. 84-328.
Notwithstanding the amendments above noted, we hold that upon remand, appellant shall be entitled to be resentenced under the guidelines in effect at the time of his sentence being reviewed here. In so ruling we are in accord with the view expressed by the Fifth District that the amended rule cannot be applied retroactively. See, Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984), footnote 3, and cases therein cited. We also concur in the Carter court's observation that a violation of probation may justify departure from the presumptive sentence established in the guidelines provided the basis for the departure is stated in writing as required by the rule.
Sentence VACATED and case REMANDED for resentencing.
ZEHMER, J., concurs.
JOANOS, J., concurs specially with opinion.
JOANOS, Judge, concurs specially.
My disagreement with my two fellow judges in the majority is minimal. It involves only a portion of the footnote numbered two in the opinion. Otherwise, I agree with the opinion and the result.
In Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984), the fourth district refrained from reversing a circuit court for failure "... to provide a written statement providing the reasons for the departure as required by Florida Rule of Criminal Procedure 3.701(d)(11)." They did that because "... the trial court's reasons were in fact transcribed as part of the record" and because they believed "... that oral explanation in the record sufficiently provides the opportunity for meaningful appellate review for purposes of Florida Rule of Criminal Procedure 3.701." They then went on to reverse the trial judge's departure from the guidelines for another reason. I interpret the Harvey opinion as merely saying that under the circumstances of that case, the failure to provide a contemporaneous written statement constituted harmless error. I agree with the fourth district that under some circumstances the failure to provide a contemporaneous written statement could be harmless error where an oral statement is promptly reduced to writing in a manner so as not to prejudice in any way an appellant's right of review. I, therefore, dissent from the majority's disagreement with the Harvey case.
NOTES
[1] In Duggar, this court stated that the committee notes appended to the sentencing guidelines had not been adopted by the Florida Supreme Court. Nevertheless, this court determined that the notes were highly persuasive and relied on committee note (c) in remanding Duggar to the trial court for resentencing under the guidelines. As a matter of clarification, the Florida Supreme Court subsequently held that the committee notes are adopted and are part of Criminal Rules of Procedure 3.701 and 3.988. The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988-Sentencing Guidelines), 451 So.2d 824 (Fla. 1984).
[2] We note that Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984), holds that so long as the trial court's oral explanation in the record is transcribed for review, a separate written articulation of reasons for departure from the guidelines is not required. We think the rule rather noticeably emphasizes the requirement of a contemporaneous written statement (rather than an oral statement to be transcribed later) to be made at the time of sentence. See, Rule 3.701 b.6, d.8, d.11, and Committee Note (d)(11), as amended May 8, 1984. We therefore certify conflict under Rule 9.030(a)(2)(A)(vi), Florida Rules of Appellate Procedure.