455 So.2d 535 (1984)
Jeffrey Lynn MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. AW-88.
District Court of Appeal of Florida, First District.
August 22, 1984.
Rehearing Denied September 28, 1984.
*536 Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Henri C. Cawthon, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Moore appeals from his conviction of, and sentence for, armed robbery, raising several points for our review.
Points I and II, regarding alleged errors made by the court during the trial stage are without merit. We therefore affirm the court's denial of Moore's motion to suppress evidence, and hold that the trial court did not improperly limit defense cross-examination of a state witness.
Points III and IV, however, pertaining to the sentencing stage, merit some discussion. Under Point III, Moore argues that the trial court erred in sentencing him pursuant to the sentencing guidelines, since the record is silent as to whether Moore "knowingly and intelligently" waived his right to parole eligibility. Moore makes two contentions to advance his argument. First, he contends that the applications of the guidelines to his case, where he committed his crime prior to October 1, 1983, the effective date of rules 3.701 and 3.988, Florida Rules of Criminal Procedure, would be an impermissible ex post facto application of the law. Therefore, by his choosing to be sentenced under the guidelines, Moore waived a valuable constitutional right to be protected from the application of ex post facto laws.
Second, Moore contends that a defendant's choice to be sentenced under the guidelines should be as carefully scrutinized by the trial court as when a defendant enters a guilty plea. As his argument goes, a determination should be made as to whether a defendant knows that by being sentenced under the guidelines, he has lost his eligibility for parole. Thus, the court's scrutiny would concentrate on the issue of a knowing and intelligent waiver.
We reject Moore's argument under Point III for one major reason. The Florida Supreme Court, in its opinion approving the sentencing guidelines, and the Florida Legislature, in its legislation authorizing and implementing the guidelines, require only a showing that a defendant "affirmatively selected" to be sentenced under the guidelines. In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983); section 921.001(4)(a), Florida Statutes (1983). There is no indication in either source that the term "affirmatively" was intended to mean "knowingly and intelligently." We decline to accord it that definition now.
The record indicates the following exchange took place between the trial court and defense counsel:
MR. GREEN: For the record, Your Honor, I have discussed this with my client. The Court was kind enough to give us an option. I think even under the law we're entitled to an option for us to determine whether or not we would elect to be sentenced under the guidelines. I have discussed this with my client. We have chosen to be sentenced under the guidelines, even though the crime was committed before October 1.
THE COURT: All right. He elects to be sentenced under guidelines?
MR. GREEN: That's correct.
THE COURT: I want the court file to clearly show that. (T. 588) (emphasis added)
We hold the above colloquy to be clear evidence of Moore's affirmative selection to be sentenced under the guidelines.
However, we would agree with Moore's final argument under Point IV, that the trial court erred in scoring Moore by including in his number of prior convictions, over defense objection, a prior conviction of armed robbery. That particular offense was committed the day after the offense in the present case occurred. Rule 3.701 d.5.a), Florida Rules of Criminal Procedure, provides for inclusion in the prior record score only criminal convictions disposed of prior to the commission of the *537 instant offense. Here, the second robbery, and the conviction therefor, occurred after the commission of the instant offense, and obviously was not disposed of prior to the commission of the instant offense. Consequently, we vacate the sentence and remand for resentencing in accordance with this opinion.
SMITH and WENTWORTH, JJ., concur.