460 So.2d 542 (1984)
Danny Lee COCHRAN, Appellant,
v.
STATE of Florida, Appellee.
No. AY-49.
District Court of Appeal of Florida, First District.
December 13, 1984.
*543 Michael E. Allen, Public Defender, Charlene V. Edwards, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Henri C. Cawthon, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Cochran appeals from a five-year prison sentence imposed on him following revocation of his probation. He contends the sentence should be vacated because the record does not show that in selecting sentencing pursuant to the sentencing guidelines he knowingly and intelligently waived his right to parole eligibility. Next, he contends the trial court failed to give clear and convincing reasons for departing from the recommended range. We affirm.
Cochran's first contention is the same one rejected by this Court in Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984), where we held an affirmative selection is all that is required. We reject this contention on authority of Moore, but certify the following question to the Supreme Court as one of great public importance:
When a defendant who committed a crime before 1 October 1983 affirmatively selects sentencing pursuant to the sentencing guidelines, must the record show the defendant knowingly and intelligently waived the right to parole eligibility?
We also reject Cochran's second contention.
While on five years probation imposed by a Florida court for making or uttering a false prescription, Cochran committed eight crimes in South Carolina. An amended affidavit of probation violation recited these crimes charging they were violations of the probation condition that Cochran live and remain at liberty without violating any law. At the revocation hearing, Cochran admitted the accuracy of the allegations in the probation violation affidavit. The court found Cochran violated his probation as outlined in the affidavit and revoked probation.
At the sentencing hearing, defense counsel announced Cochran was affirmatively selecting guideline sentencing. The trial court then announced it was going outside the guidelines and sentenced Cochran to five years in prison, the maximum sentence. The trial court stated:
The court has gone outside the sentencing guidelines inasmuch as the court deems it to be sufficient aggravating circumstances when one violates conditions of probation and can't live within the law.
Therefore, the sentencing guidelines have not been adhered to by the court over objection of the defendant.
The comments made by the court will be transcribed by the court reporter and made part of the judgment and sentence with reference to going outside the sentencing guidelines.
Violation of a substantive condition of probation can be a clear and convincing reason for departing from the guidelines. See Bogan v. State, 454 So.2d 686 (Fla. 1st DCA 1984); Carter v. State, 454 So.2d 739 (Fla. 5th DCA 1984); and Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984).
AFFIRMED.
ERVIN, C.J., and ZEHMER, J., concur.