465 So.2d 545 (1985)
David E. HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. AY-448.
District Court of Appeal of Florida, First District.
February 19, 1985.
Certification of Conflict March 7, 1985.
Michael E. Allen, Public Defender, and Andrew Thomas, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Harris appeals his sentence for grand theft. He contends that at sentencing he did not knowingly and intelligently waive his right to parole eligibility. Appellant further argues that the trial court erred in departing from the sentencing guidelines, that the departure was excessive and that the court erred in failing to reduce its reasons for departure to writing. We remand for resentencing.
On appellant's assertion that there must be a knowing and intelligent waiver of his right to parole eligibility, we have held that all that is required is a showing that the defendant affirmatively selected to be sentenced under the sentencing guidelines. Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984); Kiser v. State, 455 So.2d 1071 (Fla. 1st DCA 1984). Appellant pled guilty to grand theft and was placed on probation April 15, 1983. On November 2, 1983, he was charged with several technical violations as well as violation of the law by stealing two cameras from his employer, to which he pled guilty. At sentencing he affirmatively selected to be sentenced pursuant to the guidelines with the knowledge that the judge intended to exceed those guidelines.
In passing sentence, the trial judge acknowledged that the presumptive sentence recommended by the guidelines was any non-prison sanction. The court, however, imposed a sentence of five years, because the appellant had violated his probation, considering that sufficient reason to aggravate the sentence. This decision was made orally, and was not reduced to writing other than in the transcript for appeal.
Violation of probation has been consistently held to be a clear and convincing reason sufficient to warrant a departure from the guidelines. Bogan v. State, 454 So.2d 686 (Fla. 1st DCA 1984), Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984), Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984). Once clear and convincing reasons exist to depart are stated and so long as the sentence imposed is within statutory limits, the appellate courts will not disturb the trial court's discretion. Hankey v. State, 458 So.2d 1143 (Fla. 5th DCA 1948), Whitlock v. State, 458 So.2d 888 (Fla. 5th DCA 1984).
However, since the trial court failed to reduce his reasons in writing, we vacate *546 and remand for resentencing consistent with this court's holding in Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984); Roux v. State, 455 So.2d 495 (Fla. 1st DCA 1984). We also note the conflict with Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984) and certify, as we did in Jackson, supra, the conflict pursuant to Rule 9.030(a)(2)(A)(vi) of the Florida Rules of Appellate Procedure.
Sentence VACATED and case REMANDED for resentencing.
BOOTH, J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.

ON CERTIFICATION OF CONFLICT
PER CURIAM.
Pursuant to Rule 9.030(a)(2)(A)(vi), Florida Rules of Appellate Procedure, we certify conflict with the authorities cited in Oden v. State, 463 So.2d 313 (Fla. 1st DCA, 1985), on the issue of the need for written reasons for departing from the sentencing guidelines.
BOOTH and SHIVERS, JJ., and TILLMAN PEARSON (Ret.), Associate Judge, concur.