DANIEL S. PEARSON, Judge.
We affirm the defendant’s conviction for attempted trafficking in cannabis and reverse his conviction for possession with intent to sell the very same cannabis. See Bell v. State, 437 So.2d 1057 (Fla.1983); Muwwakil v. State, 435 So.2d 304 (Fla. 3d DCA 1983), rev. denied, 444 So.2d 417 (Fla.1984). Our reversal of the possession with intent to sell charge thus eliminates the “additional offense at conviction,” see Fla.R.Crim.P. 3.701 d.4, and the concomitant 27 *614 points which were added to the defendant’s sentencing guideline scoresheet, see Fla.R.Crim.P. 3.988(g). The elimination of these 27 points reduces the defendant’s point score from 164 to 137 and the recommended sentence from a range of five and one-half to seven years to a range of three and one-half to four and one-half years. Accordingly, because the defendant was sentenced to a term of seven years imprisonment, the cause must be remanded for resentencing.
Because we remand for sentencing, we need not decide the further point posed by the appellant — namely, whether he, as a person whose crime occurred before October 1, 1983, and who is therefore given the right to elect to be sentenced under the guidelines, must on the record affirmatively waive his right to parole eligibility before his election of guideline sentencing will be deemed free and voluntary. While there is authority that such an affirmative waiver is unnecessary, see, e.g., Harris v. State, 465 So.2d 545 (Fla. 1st DCA 1985); Gage v. State, 461 So.2d 202 (Fla. 1st DCA 1984); Cochran v. State, 460 So.2d 542 (Fla. 1st DCA 1984); Kiser v. State, 455 So.2d 1071 (Fla. 1st DCA 1984); Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984), nonetheless, the question has been certified to the Florida Supreme Court as one of great public importance, and until the question is finally resolved, the trial court would be well advised to obtain the defendant’s waiver of his right to parole eligibility preceding any resentencing under the guidelines.
Affirmed in part; reversed in part; remanded for resentencing.