MILLS, Judge.
Sisson appeals from the imposition of sentence outside the range recommended by the Sentencing Guidelines, Rule 3.701, Florida Rules of Criminal Procedure. She contends that the trial court did not consider the guidelines, despite her affirmative election to be sentenced thereunder or, in the alternative, that the Court departed from the guidelines without clear and convincing reasons stated in writing, as required by the rules. Because the record indicates uncertainty in the mind of the trial judge both as to applicability of the guidelines and to the proper form in which to express his reasons for the sentence imposed, we reverse and remand for entry of a sentencing order which comports with the requirements of the rules and the applicable case law.
It is clear that Sisson has the right, given her affirmative election, to have the recommended sentence range found in the guidelines considered prior to the imposition of sentence. The record reflects the possibility that, because Sisson’s offense occurred prior to the effective date of the guidelines, the trial judge believed the guidelines were inapplicable. This is incorrect. The proper date to consider in determining their applicability is not that of the offense but of the sentencing for that offense. Section 921.001(4)(a), Florida Statutes (1983). Therefore, because the sentencing herein occurred after the effective date, the guidelines should be taken into account when imposing sentence.
If a determination is made to depart from the recommended sentence range, the reasons therefor must appear in writing. Rule 3.701(d)(ll), Fla.R.Crim.P. The transcription of reasons stated orally at the sentencing hearing does not meet this requirement. See Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984); Oden v. State, 463 So.2d 313 (Fla. 1st DCA 1984) conflict certified; Harris v. State, 465 *795 So.2d 545 (Fla. 1st DCA 1985) conflict certified. Therefore, all reasons which the trial judge wishes to express as justification for any departure from the guidelines must be made by him in writing.
The sentence imposed herein is reversed and the case remanded for further action consistent with this opinion.
NIMMONS, J., and PEARSON, TILLMAN, (Ret.) Associate Judge, concur.