476 So.2d 207 (1985)
Danny Lee COCHRAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 66388.
Supreme Court of Florida.
September 5, 1985.
Rehearing Denied October 23, 1985.
Michael E. Allen, Public Defender, and Paula S. Saunders, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and Henri C. Cawthon and Gregory G. Costas, Asst. Attys. Gen., Tallahassee, for respondent.
McDONALD, Justice.
The First District Court of Appeal has certified the following question as being of great public interest:
When a defendant who committed a crime before 1 October 1983 affirmatively selects sentencing pursuant to the sentencing guidelines, must the record show the defendant knowingly and intelligently waived the right to parole eligibility?
Cochran v. State, 460 So.2d 542, 543 (Fla. 1st DCA 1984). We have jurisdiction pursuant to article V, section 3(b)(4) of the state constitution. We agree with the district court that an affirmative selection is sufficient and answer the question in the negative.
In 1977 the state charged Cochran with uttering a false prescription. He pleaded guilty, and, after adjudicating him guilty, the trial court sentenced him to five years' probation. In 1977 the state filed an affidavit of violation of probation, charging five violations. In 1984 the state filed an amended affidavit, charging eight new instances of probation violation.
At his 1984 probation revocation hearing Cochran admitted the allegations in the amended affidavit, and the court revoked his probation. The court also told Cochran that, if he elected to be sentenced under the sentencing guidelines, the court would depart from the recommended sentence of any nonstate prison sanction. At sentencing Cochran elected to be sentenced under the guidelines. The trial court departed from the recommended sentence and imposed a five-year prison term. On appeal *208 the district court affirmed the sentence and certified the question set out above.
Cochran argues that his sentence must be vacated because the record does not show that, by electing to be sentenced under guidelines, he knowingly and intelligently waived his eligibility for parole. The district court considered this same argument and found that an affirmative selection is all that is required. We agree.
Florida's sentencing guidelines do not provide for parole. § 921.001(8), Fla. Stat. (1983); Fla.R.Crim.P. 3.701 b.5. Cochran would have us rule that prisoners have a constitutional right to parole eligibility. In reality, however, parole is a matter of legislative grace. As stated by the United States Supreme Court: "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979).
Waiving eligibility for parole, therefore, is not comparable to a guilty plea, which implicates several federal constitutional rights, i.e., the privilege against self-incrimination, the right to trial by a jury, and the right to confront one's accusers, and which requires a voluntary and knowing waiver. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A defendant sentenced after October 1, 1983 for a crime committed before that date only need choose or "affirmatively select" to be sentenced under the guidelines. Presumably, he knows the consequences thereof and, thus, the record need not affirmatively show a knowing and intelligent waiver of parole eligibility.[*]
As a second point, Cochran argues that the trial court lacked jurisdiction to revoke his probation because the state filed the amended affidavit of probation violation after the expiration of his probationary period. Cochran admitted the truth of the amended charges before the trial court and did not object to the state's using those charges. Moreover, Cochran failed to raise this point before the district court. We decline to consider this issue, which has been presented for the first time at a very late stage in this case. Trushin v. State, 425 So.2d 1126 (Fla. 1982).
We therefore answer the certified question in the negative and approve the district court's opinion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, EHRLICH and SHAW, JJ., concur.
NOTES
[*] Such a showing, however, would be beneficial for appeals on post-conviction collateral attacks.