475 So.2d 1031 (1985)
Jesse Augustus EDWINS, Appellant,
v.
STATE of Florida, Appellee.
No. BC-487.
District Court of Appeal of Florida, First District.
September 27, 1985.
*1032 Michael E. Allen, Public Defender and Larry G. Bryant, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This is an appeal from revocation of Edwins' probation and sentencing in excess of the presumptive guidelines sentence. Edwins raises two issues which both require reversal and remand to the circuit court for resentencing.
On October 13, 1982, Edwins was charged with grand theft. He entered a guilty plea on April 22, 1983, and was placed on probation for five years. In November, 1983, an affidavit of probation violation charged that Edwins had failed to remain at liberty without violating the law because he had been convicted of DWI and disorderly intoxication. In June, 1984, the court found that Edwins had violated his probation but placed him on probation again with the added condition that he complete a rehabilitation program at Disc Village in Tallahassee. On July 20, 1984, another affidavit of probation violation charged that Edwins had failed to complete that program, having left Disc Village without permission and also having failed to make his monthly report. On September 4, 1984, Edwins' probation was revoked, and he was sentenced to five years in prison.
Since the offense occurred before the effective date of the sentencing guidelines, Edwins contends the circuit court erred in sentencing him pursuant to the guidelines absent a knowing and intelligent waiver of the right to parole eligibility. Alternatively, he contends he did not affirmatively select sentencing pursuant to the guidelines. He also contends the court erred in sentencing him in excess of the guidelines presumptive sentence without giving his reason therefor in writing.
This court has previously rejected the argument that a knowing, intelligent waiver of parole eligibility is required for treatment under the guidelines of one who committed an offense before the effective date of the rule; rather, only an affirmative selection is required. Harris v. State, 465 So.2d 545 (Fla. 1st DCA 1985), Kiser v. State, 455 So.2d 1071 (Fla. 1st DCA 1984), Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984).
At the revocation hearing, Assistant Public Defender Sutton represented Edwins and made the following statement:
[I] would just like to announce on Mr. Edwins' behalf that he would elect to be sentenced under sentencing guidelines on the condition that the court will either sentence him within the guidelines or aggravate the guidelines as provided in the most recent modification of the Commission notes that have been adopted as part of the guidelines to be for people that violate probation which is to go up one category inasmuch as he had the option of waiving guidelines he does not wish to waive eligibility of parole, if the Court intends to aggravate sentencing guidelines or to sentence him further outside sentencing guidelines such that he might be eligible for parole sooner and therefore released sooner if he waives guidelines and if the court's ruling on that point is affirmed.
I can't advise him one way or the other in the absence of some kind of appellate decision as we have previously discussed. I would like to put that on the record. [emphasis added]
Thus, counsel sought improperly to make the guidelines selection conditional, and the circuit court apparently accepted this conditional selection. However, an affirmative selection under the guidelines may not be conditional. In Finklea v. State, 470 So.2d 90 (Fla. 1st DCA 1985), this court held that the sentencing court has the duty to determine whether an affirmative selection has *1033 been made before sentencing a defendant under the guidelines. Therefore, we must remand.
Appellant also contends Rule 3.701(d)(11), Florida Rules of Criminal Procedure, was not complied with, in that the trial court orally stated his reasons for departure from the guidelines and directed the court reporter to transcribe his comments and make them a part of the written record in the case. This procedure does not comply with the requirement that the reasons for exceeding the presumptive sentence appear in writing as that requirement has been interpreted by this court in Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984), Johnson v. State, 462 So.2d 49 (Fla. 1st DCA 1984), and Schmidt v. State, 468 So.2d 1112 (Fla. 1st DCA 1985). These cases require that the judge prepare a contemporaneous written statement, rather than an oral statement to be transcribed later at the time of sentencing. See, e.g., Jackson v. State at 692, footnote two.
Accordingly, the sentence is reversed and the case remanded for resentencing. At that time, there must be an affirmative, unconditional selection of guidelines treatment if Edwins desires to be sentenced thereunder and contemporaneous written reasons for exceeding the guidelines if that course of action is taken.
BOOTH, C.J., and MILLS, J., concur.
JOANOS, J., concurs specially with written opinion.
JOANOS, Judge, concurs specially.
With regard to the necessity of a written statement of reasons for departure from the presumptive guidelines sentence, I adhere to my previously stated view "that under some circumstances the failure to provide a contemporaneous written statement could be harmless error where an oral statement is promptly reduced to writing in a manner so as not to prejudice in any way an appellant's right of review." Jackson v. State, 454 So.2d 691, 693 (Fla. 1st DCA 1984). In the instant case, the reason for departure was not simply contained in the transcript of hearing, but was also separately transcribed and placed in the record. I would not reverse on the procedure followed here. Otherwise, I agree with the majority opinion as to the requirement of an unconditional, affirmative selection of guidelines treatment, and with the result.