477 So.2d 663 (1985)
Jock Everett RIGGINS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-143.
District Court of Appeal of Florida, Fifth District.
October 31, 1985.
*664 James B. Gibson, Public Defender, and Lucinda H. Young, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
The trial court aggravated Riggins' sentence upward three cells after revoking his probation for forging a United States Treasury check in the amount of $245.87. The trial court gave the following reasons for departing from the guidelines:
Defendant was placed on probation; probation was previously modified. This violation is for another substantive offense. He does not abide by the law or by rules of probation.
Riggins contends that this was error because the court was not authorized to increase his sentence more than one cell above the recommended range. We affirm.
The record discloses in this case that Riggins pleaded guilty to a burglary charge in 1982. He was put on probation for six years on condition that he serve 364 days in jail. In 1983, his probation was modified because of Riggins' failure to comply with the reporting condition of his probation. He again served jail time as a new condition.
In 1984, a second affidavit charging violation of probation was filed. The basis for this charge was Riggins' forgery of a United States Treasury check. This had occurred in July 1983, and the United States Magistrate put him on probation and required restitution. Leniency was granted Riggins in that case because of his cooperation with prosecuting authorities. However, he did not tell his state probation officer about the offense, and when the officer learned of it in 1984, he filed the affidavit to revoke. Riggins pleaded guilty to the revocation and elected to be sentenced under the guidelines.
Riggins' guideline scoresheet equated to thirty-five points and "any non-state prison sanction." In imposing the four year sentence, the trial court "departed" upwards three cells. He could have given Riggins thirty months incarceration by going up only one cell, as Amended Florida Rule of Criminal Procedure 3.701(d)(14) allows. However, the trial judge may also have been considering the fact that Riggins was *665 entitled to one and one-half years for "time served." Effectively, he gave Riggins a two year sentence, although we hasten to note that consideration for credit for time served should play no part in guideline sentencing.
Appellant's sentencing occurred after the effective date of Florida Rule of Criminal Procedure 3.701(d)(14),[1] so he is entitled to any benefit it may afford him. The rule provides:
Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure. (Emphasis added).
This rule permits the trial judge who is revoking probation, or after it is revoked, to go up one sentencing range without giving "clear and convincing reasons" for a departure. If violation of probation was the sole reason for departing, the trial court could not depart further. Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985).
However, in this case, the court intended to depart beyond the one cell allowance of Rule 3.701(d)(14), and it gave additional reasons: This was in effect appellant's second violation of probation for this offense; and the reason for his violation was the commission of another criminal offense. These reasons must be tested on an abuse of discretion basis. Albritton v. State, 476 So.2d 158 (Fla. 1985); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We cannot say the trial judge abused his discretion in this case.
AFFIRMED.
ORFINGER, J., concurs.
DAUKSCH, J., concurs specially with opinion.
DAUKSCH, Judge, concurring specially:
Appellant was given six years probation in 1982 for burglary. In 1983 he violated his probation, was given 120 days jail time and continued on probation thereafter. He was before the trial court in this case because of his second violation of probation. The judge revoked the probation and departed from the recommended guideline sentence upwards three guideline cells rather than the one-cell departure allowed under Florida Rule of Criminal Procedure 3.701(d)(14). I agree it is a lawful departure because this is a twice-revoked probationer rather than a once-revoked probationer. Following the dictates of Albritton v. State, 476 So.2d 158 (Fla. 1985), I have considered the extent of the departure and do not deem it excessive.
NOTES
[1] This amendment became effective on July 1, 1984. Ch. 84-328, Laws of Florida; The Florida Bar: Amendment to the Rules of Criminal Procedure (3.701; 3.988  Sentencing Guidelines, 451 So.2d 824 (Fla. 1984). It was therefore in effect on January 11, 1985 when the judge sentenced Riggins and Riggins should have the benefit of the amended rule. Compare Joyce v. State, 466 So.2d 433 (Fla. 5th DCA 1985) (Amendment inapplicable to defendant sentenced before its effective date).