478 So.2d 842 (1985)
Enrico EHRENSHAFT, Appellant,
v.
STATE of Florida, Appellee.
No. BD-152, BD-153.
District Court of Appeal of Florida, First District.
November 5, 1985.
Rehearing Denied December 13, 1985.
Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Patricia Conners, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant was charged with possession of more than twenty grams of cannabis and possession of cannabis with intent to sell or deliver. Appellant pled guilty to possession of less than twenty grams of cannabis and sale of cannabis. He was placed on probation for one year for the possession and five years for the sale.
Subsequently, an affidavit of probation violation was filed alleging appellant had failed to pay supervision and court costs, attorneys fees, and statutory fees and that he had failed to live at liberty without violating any law in that he had resisted arrest without violence, trespassed, and consumed alcohol on a right of way. Appellant pled guilty to the alleged violations and the court revoked his probation. A sentencing guidelines scoresheet was prepared which reflected 46 points for a category seven offense. The recommended sentence was any nonstate prison sanction. The sentencing court decided to exceed the *843 recommended sentence and imposed sentences of 364 days county jail time for the possession and five years in state prison for the sale, to be served concurrently. The judge orally pronounced his reason for exceeding the recommended sentence and directed the court reporter to transcribe that statement. The pronouncement was separately transcribed and made part of the record on appeal. The reason given was:
Inasmuch as it was a violation of probation, the court is of the opinion that that is sufficient reason for aggravating a sentence beyond sentencing guidelines and for that reason it has been aggravated as a violation of probation to the maximum by law.
Appellant contends that amended Fla.R. Crim.P. 3.701 d.14., effective July 1, 1984, permits the trial court to look to the next higher cell in setting a sentence for probation violation, but precludes the sentencing court from further exceeding the recommended sentence. Appellant also asserts the sentencing court erred in failing to give written reasons for the departure.
Appellee argues that the amendment to Rule 3.701 d.14, imposes no such limitation on the sentencing court, but merely codifies existing case law to the effect that violation of probation is a clear and convincing reason for departure so that when violation of probation occurs, the court may automatically increase to the next higher cell without stating the reason in writing, however, the court may depart further from the recommended sentence, also based on the violation of probation, so long as the court states the reason for departure in writing. Appellee also argues the separate transcript of orally pronounced reasons for departure from the guidelines is a sufficient written statement of reasons for departure.
We reverse the sentence and remand for resentencing. The oral statement of the reason for departure, even though separately transcribed and placed in the record, does not meet the requirements of a written statement under State v. Jackson, 478 So.2d 1054 (Fla. 1985). See also Edwins v. State, 475 So.2d 1031 (Fla. 1st DCA 1985); Schmidt v. State, 468 So.2d 1112 (Fla. 1st DCA 1985); Oden v. State, 463 So.2d 313 (Fla. 1st DCA 1984); Johnson v. State, 462 So.2d 49 (Fla. 1st DCA 1984) Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984).
In addition, we conclude that in this case, the sentencing court may not depart from the recommended sentence beyond the one cell increase permitted by that portion of Rule 3.701 d.14. which provides:
Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.
In Hendrix v. State, 475 So.2d 1218 (Fla. 1985), the Florida Supreme Court disapproved departure from the guidelines based on prior criminal record because:
[t]he guidelines have factored in prior criminal records in order to arrive at a presumptive sentence.... To allow the trial judge to depart from the guidelines based upon a factor which has already been weighed in arriving at a presumptive sentence would in effect be counting the convictions twice which is contrary to the spirit and intent of the guidelines.
The court agreed with this court's statement in Burch v. State, 462 So.2d 548, 549 (Fla. 1st DCA 1985), that there is "a lack of logic in considering a factor to be an aggravation allowing departure from the guidelines when the same factor is included in the guidelines for purposes of furthering the goal of uniformity."
For the same reason, we hold the trial judge here erred in aggravating beyond the one cell permitted by the amendment to Rule 3.701 d.14. By virtue of that amendment, violation of probation has been factored into the guidelines process. Therefore, a simple statement that a defendant *844 violated his probation, which is what we have in the present case, is not a clear and convincing reason for departure beyond the one cell increase permitted by the rule, since it would result in "violation of probation" being counted twice. We reserve ruling on the question, not presented in this case, whether a written statement explaining the particular circumstances of the probation violation may constitute a clear and convincing reason for further departure beyond the one cell increase.
Reversed and remanded for resentencing.
ERVIN and BARFIELD, JJ., concur.