478 So.2d 1147 (1985)
Michael Allen PENTAUDE, Appellant,
v.
STATE of Florida, Appellee.
No. BD-301.
District Court of Appeal of Florida, First District.
November 22, 1985.
*1148 Michael E. Allen, Public Defender, and Kenneth L. Hosford, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Henri C. Cawthorn, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Michael Allen Pentaude appeals from a five year sentence imposed upon him following revocation of his probation. Appellant contends that defense counsel's attempt to conditionally elect the sentencing guidelines did not amount to an "affirmative selection" and that since he was not informed that his conditional election would not be given effect, he did not make a knowing and intelligent waiver of his right to parole eligibility. Alternatively, appellant argues that the trial court's reasons for departing from the presumptive guideline sentence were insufficient to warrant departure. We reverse and remand for resentencing.
Appellant was charged with grand theft auto by information filed September 23, 1983. He pled guilty and was placed on probation for five years. On April 9, 1984 an affidavit was filed which alleged that appellant had violated seven of the conditions of his probation. At the probation revocation hearing, appellant admitted the allegations and his probation was revoked. The recommended guidelines sentence was any non-state prison sanction. Prior to sentencing, the following exchange took place between the trial court and defense counsel:
MS. SUTTON: And one thing I need to say, Judge, inasmuch as the offense charged occurred before sentencing guidelines went into effect this defendant has the option of being sentenced under the old system and I would inform the Court as I have in the past that I can't properly advise him as to which to elect because of the court's position on violation of probation and lack of cases and whether if the Court goes outside the guidelines that the persion (sic) is still eligible for a parole and so I would just request that the Court indicate on the record as it has in the past that he wishes to elect whichever provides the most favorable treatment for him in incarceration.
THE COURT: Any authority that I have to preserve that election will be exercised in favor of the defendant so that he can have that election and I so rule. I'm at a loss as to whether that is valid but if it is he can make his election at some later date when he becomes more informed as to the best of his election whether the sentencing guidelines or the old Department of Corrections guidelines.
MS. SUTTON: Okay, just to make sure the record is clear on Mr. Pentaude's behalf I would elect sentencing guidelines if the Court sentences him pursuant to sentencing guidelines, but if the Court departs from sentencing guidelines in excess of the twelve to thirty months category, if it turns out that his incarceration would end sooner if he were to elect the previous method with previous parole I would elect that. If that makes any sense.
Having received the maximum sentence allowed by statute, appellant now complains that he was not advised of the consequences of conditionally electing the sentencing guidelines. While defense counsel's inability to understand the law *1149 and properly advise her client is no justification, equivocation is not the law and we are compelled to remand for lack of compliance with section 921.001(4)(a), Florida Statutes (1983).[1] It has been settled by this court that a knowing and intelligent waiver of the right to parole eligibility need not be obtained before a defendant can be sentenced under the guidelines. Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984); Glover v. State, 474 So.2d 886 (Fla. 1st DCA 1985). However, an affirmative election to be sentenced under the guidelines must clearly be made on the record before the court can proceed with sentencing. Finklea v. State, 470 So.2d 90 (Fla. 1st DCA 1985).
Appellant's sentencing occurred after July 1, 1984, the effective date of Florida Rule of Criminal Procedure 3.701(d)(14) which allows the trial court to increase a sentence imposed after revocation of probation to the "next higher cell" without requiring a reason for departure. Appellant contends that since the violation of probation is already accounted for by increasing the sentence to the next higher cell, departure beyond that cell may not be grounded on any circumstances surrounding the violation but must be completely independent of the violation. We disagree. Where a trial judge finds that the underlying reasons for violation of probation (as opposed to the mere fact of violation) are more than a minor infraction and are sufficiently egregious, he is entitled to depart from the presumptive guidelines range and impose an appropriate sentence within the statutory limit. The sentencing guidelines were primarily intended to aid the trial judge in the consistent administration of justice, not to usurp his judicial discretion. Fla.R. Crim.P. 3.701(b)(6); Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984).
The trial court properly determined that the reasons for violation of probation were clear and convincing reasons for departure in this case. However, the oral pronouncement of these reasons in open court, later transcribed by the court reporter, fails to meet the requirement of a "written statement" under Fla.R.Crim.P. 3.701(d)(11), Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984), approved in part and quashed in part, State v. Jackson, 478 So.2d 1054 (Fla. 1985). See also Edwins v. State, 475 So.2d 1031 (Fla. 1st DCA 1985); Thrasher v. State, 477 So.2d 1083 (Fla. 1st DCA 1985); Ehrenshaft v. State, 478 So.2d 842 (Fla. 1st DCA 1985). The rule encourages due consideration of the sentence by the trial judge and provides appellate courts with a means of uniformly determining whether the sentence was supported by clear and convincing reasoning. An oral pronouncement at the sentencing hearing undermines the rationale behind the rule, which is to promote additional reflection upon the sentence outside the courtroom setting.
The sentence imposed herein is REVERSED and the case REMANDED for further action consistent with this opinion.
We certify to the Supreme Court as a question of great public importance:
WHETHER, UNDER RULE 3.701(d)(14) A PERSON FOUND GUILTY OF VIOLATION OF PROBATION MAY BE SENTENCED BEYOND THE NEXT HIGHER CELL UPON CONSIDERATION BY THE TRIAL COURT OF CIRCUMSTANCES SURROUNDING THE VIOLATION FOUND BY THE TRIAL COURT TO BE CLEAR AND CONVINCING REASONS FOR DEPARTURE?
ERVIN and JOANOS, JJ., concur.
NOTES
[1] Florida Statute section 921.001(4)(a): The guidelines shall be applied to all felonies, except capital felonies, committed on or after October 1, 1983, and to all felonies, except capital felonies and life felonies, committed prior to October 1, 1983, for which sentencing occurs after such date when defendant affirmatively selects to be sentenced pursuant to the provisions of this act.