HENDRY, Judge.
The defendant, Alphonso Williams, was placed on probation for resisting arrest with violence [§ 843.01, Fla.Stat. (1981)], battery upon a police officer [§§ 784.03, 784.07, Fla.Stat. (1981) ], and two counts of possession of controlled substances: heroin and cocaine [§§ 893.03(1)(b)(11), 893.-03(2)(a)(4), 893.13, Fla.Stat. (1981)]. He was subsequently found guilty of violating the terms of his probation.[1]
The defendant elected to be sentenced under the sentencing guidelines. The trial court departed from the guidelines range and imposed a sentence of four consecutive five year terms of imprisonment, with credit for time served. The reasons read into the record by the court as the basis for departure were that the defendant had “grossly abused the privilege of probation granted him” by the court, and had “demonstrated complete disregard for the laws of society,” and therefore, “sentencing under the guidelines would simply not be sufficient deterrent or punishment for this individual.”
On appeal it is contended by the defendant that the trial court erred in deviating from the sentence range recommended by the guidelines. In accordance with the controlling authority of State v. Jackson, 478 So.2d 1054 (Fla.1985),[2] we reverse and remand to the trial court for further consideration in light of the relevant provision [ (d)(14) ] of amended Florida Rule of Criminal Procedure 3.701. The amended rule, which took effect prior to the sentencing giving rise to the instant appeal,[3] provides:
14. Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.
The question is yet undecided whether a written statement by the trial court explaining the circumstances of the defendant’s probation violations may justify a greater-than-one-cell departure. Ehrenshaft v. State, 478 So.2d 842 (Fla. 1st DCA 1985).
Reversed and remanded for further proceedings.

.The trial court found the defendant had violated the following conditions of his probation: 1) changing his residence without the consent of the probation officer, and 2) failing to live and remain at liberty without violating any law, in that he had committed the offenses of: a) burglary of a structure, b) grand theft, second degree, c) dealing in stolen property, and d) dealing in credit cards of another.

. We note that when it sentenced the defendant, the trial court did not have the benefit of Jackson, which was subsequently decided.

. Rule 3.701 was modified, and subsection (d)(14) was added, effective July 1, 1984. The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988-Sentencing Guidelines), 451 So.2d 824 (Fla.1984).