480 So.2d 1387 (1986)
Donnell STEWART, Appellant,
v.
STATE of Florida, Appellee.
No. BC-473.
District Court of Appeal of Florida, First District.
January 7, 1986.
Michael E. Allen, Public Defender and Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Patricia Conners, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Donnell Stewart seeks review of a 5-year sentence imposed after revocation of his probation. The sentence is a departure from the recommended guidelines sentence. We have determined that the trial court has not complied with the requirements of law in departing from the guidelines. We reverse and remand for resentencing.
Stewart presents two questions for our consideration. The first question is whether the record must reflect an "affirmative" selection of guidelines sentencing for an offense which occurred prior to the October 1, 1983, effective date of the guidelines; and, if so, whether the record must reflect that the election was made with a full understanding that in electing guidelines sentencing, a defendant has waived the right to parole eligibility. The second question is whether the reason given by the trial court for departure meets the requisite "clear and convincing" standard of Florida Rule of Criminal Procedure 3.701(d)(11).
In August 1983 Stewart was charged with grand theft. On December 2, 1983, after entry of a guilty plea to the charge of grand theft, Stewart signed a form electing to be sentenced under the sentencing guidelines. The trial court withheld adjudication of guilt and placed Stewart on probation. On April 11, 1984, Stewart was charged with violation of probation. On June 29, 1984, he admitted to violation of five of the six conditions charged. On September 14, 1984, the trial court adjudicated Stewart guilty and sentenced him to five years incarceration. Stewart's guidelines scoresheet shows a total of 20 points, with a recommended guidelines sentence of any nonstate prison sanction. The trial court stated the reason he was departing from *1388 the recommended guideline sentence was that Stewart is a "violator of the conditions of [his] probation."
The first question raised in this appeal has been answered by the recent Florida Supreme Court opinion in Cochran v. State, 476 So.2d 207 (Fla. 1985). In Cochran the court approved this court's decision in Cochran v. State, 460 So.2d 542 (Fla. 1st DCA 1984), and held that:
A defendant sentenced after October 1, 1983 for a crime committed before that date only need choose or "affirmatively select" to be sentenced under the guidelines. Presumably, he knows the consequences thereof and, thus, the record need not affirmatively show a knowing and intelligent waiver of parole eligibility.
Despite this holding, the court observed, in a footnote, that "[s]uch a showing ... would be beneficial for appeals on post-conviction collateral attacks." See also: Gonzalez v. State, 465 So.2d 613 (Fla. 3rd DCA 1985).
The record in the instant case indicates that the trial court and trial counsel considered the matter of Stewart's affirmative selection of guideline sentencing to be an open question at the time of the probation revocation hearing. Pursuant to that understanding, the trial court purportedly accepted Stewart's "conditional" selection of guidelines sentencing. In Edwins v. State, 475 So.2d 1031 (Fla. 1st DCA 1985), this court expressly held that "[a]n affirmative selection to be treated under the guidelines may not be conditional." (e.s.) Unlike Edwins, however, the record in this case contains a document entitled "Election To Be Sentenced Under Florida Sentencing Guidelines." This document is dated December 2, 1983, and was signed by Stewart, his attorney, and the circuit court judge prior to Stewart's placement on probation. This was Stewart's selection of guideline sentencing for an offense committed prior to the October 1, 1983, effective date of the guidelines as contemplated by the Supreme Court in In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983). He had, therefore, already elected guidelines sentencing prior to being placed on probation. It was a guidelines controlled penalty that he was subject to while on probation. There was no option left for him upon violation of probation. Therefore, there was no lack of an "affirmative" selection of guidelines sentencing.
Stewart's second challenge is addressed to the sufficiency of the trial court's reason for departure from the presumptive guidelines sentence. Although Stewart elected guidelines sentencing prior to the July 1, 1984 effective date of Florida Rule of Criminal Procedure 3.701(d)(14), he was sentenced after the rule's effective date. Chapter 84-328, § 1, Laws of Fla.; The Florida Bar: Amendment to Rules of Criminal Procedure, 451 So.2d 824 (Fla. 1984). Florida Rule of Criminal Procedure 3.701(d)(14) provides:
Sentence imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.
Stewart maintains that the rule as amended takes into account a presumptive sentence for revocation of probation and the departure range permissible upon a probation revocation. Therefore, the trial court erred in relying on the probation revocation as a ground for departure since this was a factor which had been weighed in arriving at a presumptive sentence. See: Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Burch v. State, 462 So.2d 548 (Fla. 1st DCA 1985).
The recent Florida Supreme Court opinion in State v. Jackson, 478 So.2d 1054 (Fla. 1985), states clearly that the current guidelines apply to sentencing following a probation revocation. The court reasoned that "a modification in the sentencing guidelines procedure, which changes how a probation violation should be counted in determining a presumptive sentence, is merely a procedural change, not requiring the application of the ex post facto doctrine."
*1389 Prior to adoption of subsection (d)(14) to Rule 3.701, case law was clear that violation of probation constituted a clear and convincing reason for departure. Harris v. State, 465 So.2d 545 (Fla. 1st DCA 1985); Randolph v. State, 458 So.2d 64 (Fla. 1st DCA 1984); Bogan v. State, 454 So.2d 686 (Fla. 1st DCA 1984); Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984); Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984). Now, however, Florida Rule of Criminal Procedure 3.701(d)(14) contemplates the presumptive sentence to be imposed in a sentencing based upon a probation revocation. Consequently, the trial court's stated reason for sentencing outside the guidelines, i.e., solely because Stewart had violated his probation, does not constitute a proper ground for departure and requires reversal. George David Ludmin v. State, 480 So.2d 1389 (Fla. 1st DCA 1985); Pentaude v. State, 478 So.2d 1147 (Fla. 1st DCA 1985); Ehrenshaft v. State, 478 So.2d 842 (Fla. 1st DCA 1985); Riggins v. State, 477 So.2d 663 (Fla. 5th DCA 1985); Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985). See also: Hendrix v. State, 475 So.2d 1218 (Fla. 1985), where the court quoted with approval from this court's opinion in Burch v. State, 462 So.2d 548, 549 (Fla. 1st DCA 1985), to the effect that there is "a lack of logic in considering a factor to be an aggravation allowing departure from the guidelines when the same factor is included in the guidelines for purposes of furthering the goal of uniformity."
The second problem requiring reversal has to do with the manner in which the trial court provided a written reason for departure. Here, as in Edwins v. State, "the trial court orally stated his reasons for departure from the guidelines and directed the court reporter to transcribe his comments and make them a part of the written record in the case." This procedure was expressly rejected by the Florida Supreme Court in State v. Jackson, 478 So.2d 1054 (Fla. 1985). See also: Edwins v. State, 475 So.2d 1031 (Fla. 1st DCA 1985), and cases cited therein.
For the foregoing reasons, we reverse and remand for resentencing on point two. Should the trial court, upon remand, consider this an appropriate case for departure from the recommended guidelines range, any increase beyond the one bracket provided in Rule 3.701(d)(14), must be supported by clear and convincing reasons other than solely that there was a violation of probation. In addition, a decision to depart from the recommended guidelines range should be made only after a consideration of "the recommended guidelines sentence, the extent of the departure, the reasons given for the departure, and the record to determine if the departure is reasonable." Albritton v. State, 476 So.2d 158 (Fla. 1985).
Reversed and remanded with directions for proceedings consistent with this opinion.
BOOTH, C.J., and MILLS, J., concur.