480 So.2d 1389 (1986)
George David LUDMIN; Appellant,
v.
STATE of Florida, Appellee.
No. BC-474.
District Court of Appeal of Florida, First District.
January 7, 1986.
*1390 Michael E. Allen, Public Defender and Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Patricia Conners, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant George David Ludmin seeks review of a 5-year sentence, which sentence constitutes a departure from the recommended guidelines sentence of any nonstate prison sanction. The sole ground provided by the trial court for departure from guidelines sentencing was that Ludmin had violated his probation. Ludmin contends the trial court erred in failing to provide a written statement of reasons for departing from the guidelines. We reverse and remand for resentencing.
On April 17, 1983, Ludmin was arrested by an undercover investigator and charged with burglary and dealing in stolen property. On September 9, 1983, he withdrew his previously entered plea of not guilty. Then on October 19, 1983, Ludmin, his attorney, and the circuit court judge all signed a document entitled "Election To Be Sentenced Under Florida Sentencing Guidelines." Adjudication of guilt was withheld and Ludmin was placed on 5-years probation, subject to fourteen conditions of probation.
On February 7, 1984, Ludmin was charged with three technical violations of probation. He was adjudicated guilty on September 14, 1984, and sentenced to imprisonment for a term of five years, the maximum sentence under the applicable statute.[1] Ludmin's guidelines scoresheet shows a total of 35 points,[2] with a recommended guidelines sentence of any nonstate prison sanction. As reason for exceeding the recommended guidelines sentence, the trial court stated that he considered "a violation of probation sufficient aggravating circumstances to enhance any penalty that may be dictated by the sentencing guidelines scoresheet." The trial court then directed the court reporter to transcribe his comments and make them a part of the written record in this case.
*1391 This method of providing a written statement of reasons for departure from the sentencing guidelines was rejected by the Florida Supreme Court in State v. Jackson, 478 So.2d 1054 (Fla. 1985). Prior cases from this court are in accord. See: Edwins v. State, 475 So.2d 1031 (Fla. 1st DCA 1985) and cases cited therein; and Donnell Stewart v. State, 480 So.2d 1387 (Fla. 1st DCA 1985).
Prior to adoption of Florida Rule of Criminal Procedure 3.701(d)(14), the reason provided by the trial court for exceeding the guidelines range constituted a clear and convincing reason for departure. Now, however, the rule contemplates revocation of probation and provides a penalty for this particular offense. Consequently, if on remand the trial court determines that a departure is indicated beyond the one bracket provided in Rule 3.701(d)(14), the increase must be supported by clear and convincing reasons other than solely the violation of probation. Fla.R.Crim.P. 3.701(d)(11); Donnell Stewart v. State, 480 So.2d 1387 (Fla. 1st DCA 1985); Pentaude v. State, 478 So.2d 1147 (Fla. 1st DCA 1985); Ehrenshaft v. State, 478 So.2d 842 (Fla. 1st DCA 1985); Riggins v. State, 477 So.2d 663 (Fla. 5th DCA 1985); Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985). See also: Albritton v. State, 476 So.2d 158 (Fla. 1985), for a discussion of the elements to consider when making a determination to depart from the sentencing guidelines.
Reversed and remanded for resentencing.
BOOTH, C.J., and MILLS, J., concur.
NOTES
[1] § 812.014(2)(b), Fla. Stat., provides in relevant part that:

It is grand theft of the second degree and a felony of the third degree, punishable as provided in ss. 775.082, 775.083, and 775.084, if the property stolen is:
1. Valued at $100 or more but less than $20,000.
§ 775.082(3)(d), Fla. Stat., provides that a person convicted of a felony of the third degree may be punished "by a term of imprisonment not exceeding five years."
[2] The point total should be 34 rather than 35. The addition error is harmless, however, since it has no impact on the recommended guidelines sentence.