487 So.2d 391 (1986)
Dallas SELF, Appellant,
v.
STATE of Florida, Appellee.
No. BE-421.
District Court of Appeal of Florida, First District.
April 23, 1986.
Michael E. Allen, Public Defender, and Kenneth D. Driggs, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Royall P. Terry, Jr., Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Appellant appeals the sentence imposed upon him as the consequence of his violation of probation. We reverse and remand for resentencing.
In 1983, appellant was charged with committing an aggravated battery, in which the victim sustained a severe head injury. Pursuant to plea bargaining, he pled guilty to the lesser included offense of aggravated assault and was placed on probation. Due to violations thereof, on January 8, 1985, the trial judge revoked appellant's probation and sentenced him to five years in prison, in a three or four cell departure from the sentencing guidelines which was based solely upon appellant having violated his probation.
The guidelines scoresheet presented at the 1985 sentencing hearing totaled 115 points, including 36 points for severe injury to the victim. The original scoresheet from the 1983 sentencing had scored only 24 points for moderate victim injury, for a total of 103 points. The 103 point score resulted in a recommended range of any *392 non-state prison sanction, while the 115 point total resulted in a recommendation of community control or 12 to 30 months' incarceration. Without any scoring for victim injury, appellant's score would have been 79 points, which results in a recommended range of any non-state prison sanction.
At the January 1985 hearing, defense counsel objected to any scoring for victim injury on the ground that Florida Rule of Criminal Procedure 3.701(d)(7) provides that victim injury shall be scored only if the victim injury is an element of the offense at conviction; that since aggravated assault does not necessarily involve any contact, scoring for victim injury is improper.
As the State concedes, appellant's argument on this point has merit. The scoring of victim injury in this case was improper under the plain meaning of rule 3.701(d)(7). The trial judge erred in failing to correct the guidelines scoresheet accordingly. See Whitfield v. State, 471 So.2d 633 (Fla. 1st DCA 1985); Brown v. State, 474 So.2d 346 (Fla. 1st DCA 1985); and Parker v. State, 478 So.2d 823 (Fla.2d DCA 1985).
The State argues that the error is harmless since the trial judge properly departed from the guidelines. Aside from the fact the departure in this case was improper, as discussed below, cases have established that an appellate court will not uphold a departure from an incorrectly computed scoresheet. Scott v. State, 469 So.2d 865 (Fla. 1st DCA 1985) and Parker. Consequently, appellant's sentence must be vacated and remanded to the trial court for sentencing based upon a corrected scoresheet. We note that when victim injury is not scored, it may be used as a reason for departure upon resentencing. Parker. See also Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
The trial court further erred in departing from the guidelines more than one cell based only upon the ground that appellant had violated his probation. Florida Rule of Criminal Procedure 3.701(d)(14) provides that a sentence imposed after revocation of probation must be in accordance with the guidelines, but the sentence may be increased to the next higher cell of the guidelines range without requiring a reason for departure. That rule, effective July 1, 1984, abrogated the rule previously established by case law that violation of probation constitutes a clear and convincing reason for departure. As the result of rule 3.701(d)(14), a departure of more than one cell based solely on the fact that a defendant has violated his probation is improper. Stewart v. State, 480 So.2d 1387 (Fla. 1st DCA 1986); Ludmin v. State, 480 So.2d 1389 (Fla. 1st DCA 1986).
Reversed and remanded for resentencing.
BOOTH, C.J., and SHIVERS, J., concur.