ERVIN, Judge.
The appellant, while on probation, was arrested and charged with four drug-related offenses. A probation revocation hearing was held, at which time Henderson admitted violation of probation. The court then adjudicated Henderson guilty of the original offenses prior to probation, and departed from the recommended guideline sentence of thirty months to a term of ten years. We find the departure to be invalid and reverse.
Any sentence imposed after revocation of probation beyond the one cell departure provided for in Rule 3.701(d)(14), Florida Rules of Criminal Procedure, must be supported by clear and convincing reasons for departure. Pentaude v. State, 478 So.2d 1147 (Fla. 1st DCA 1985). In this case, the trial judge’s reasons for departure were all grounded on the appellant's arrests for which he had yet to receive a conviction. As such, the judge’s consideration of these arrests violates Rule 3.701(d)(ll), Florida Rules of Criminal Procedure, See also Scurry v. State, 489 So.2d 25 (Fla.1986) (factors expressly prohibited by the guidelines cannot be used as a reason for departure).
The case is reversed and remanded for resentencing. On remand, the sentence imposed by the trial court must be included within the original guideline cell, or may be increased to the next higher cell. Williams v. State, 492 So.2d 1308 (Fla.1986).
WIGGINTON and BARFIELD, JJ„ concur.