SHIVERS, Judge.
The appellant in this case, Michael Allen Pentaude, originally pled guilty to grand theft on January 31, 1984, and was sentenced to five years probation. After appellant violated seven of the conditions of his probation, the trial court imposed a *1031 sentence of five years incarceration despite a recommended guideline sentence of any nonstate prison sanction. On Pentaude’s first appeal to this court, we reversed the sentence and remanded for resentencing on the basis that the trial court failed to provide written reasons for departure from the guidelines. Pentaude v. State, 478 So.2d 1147 (Fla. 1st DCA 1985). The trial court again sentenced appellant to five years imprisonment but this time gave eight written reasons for departure from the guidelines. Reasons # 1-7 specified the conditions of probation violated by appellant while Reason # 8 referred to Pen-taude’s subsequent conviction for grand theft.
Pentaude now argues on appeal that since Fla.R.Crim.P. 3.701(d)(14) provides that probation violation may be used to increase a sentence to the next higher cell, the mere fact that a defendant has violated probation may not constitute a proper ground for departure. We agree with appellant that an increase of more than one cell is invalid when based solely on the fact that a defendant has violated probation. Stewart v. State, 480 So.2d 1387 (Fla. 1st DCA 1986); Monti v. State, 480 So.2d 223 (Fla. 5th DCA 1985). However, as this court previously held in Pentaude, 478 So.2d at 1149, “[w]here a trial judge finds that the underlying reasons for violation of probation (as opposed to the mere fact of violation) are more than a minor infraction and are sufficiently egregious, he is entitled to depart from the presumptive guidelines range and impose an appropriate sentence within the statutory limit.” We find the seven reasons for violation of probation in this case to be sufficiently egregious to support the trial court’s departure more than one cell.
Since neither the technical probation violations nor the substantive offense were factored into the sentencing guidelines scoresheet, reversal is not required under State v. Mischler, 488 So.2d 523 (Fla.1986), as argued by appellant.
Accordingly, the sentence imposed by the trial court is
AFFIRMED.
MILLS and JOANOS, JJ., concur.