470 So.2d 90 (1985)
Leon D. FINKLEA, Appellant,
v.
STATE of Florida, Appellee.
No. AZ-130.
District Court of Appeal of Florida, First District.
June 6, 1985.
Michael E. Allen, Public Defender and Andrew Thomas, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
The defendant appeals a guidelines sentence imposed after the revocation of his probation. He contends, inter alia, that his sentence is improper because the crime was committed prior to the effective date of the sentencing guidelines and he did not affirmatively select sentencing under the guidelines. We agree that the sentence is improper and reverse.
On March 2, 1983 defendant was charged with burglary of a dwelling and petit theft. He pleaded nolo contendere to the charges and on May 5, 1983 was adjudged guilty and placed on 2 years, 11 months probation, with 11 months incarceration as a condition of the probation. While on probation he committed two robberies. After a violation of parole hearing on April 9, 1984, he was sentenced to 15 years in state prison. Counsel for the defendant then pointed out to the court that the recommended guidelines sentence was 12 to 30 months. The trial judge announced that he was going outside of the guidelines because the defendant committed two robberies while still on probation for his prior crime and because physical harm was inflicted upon the victim in both robberies. These were the only references to the sentencing guidelines made during the hearing. Although a sentencing guidelines scoresheet was made a part of the record in this case, the mere fact that a scoresheet was prepared obviously does not constitute proof that the defendant affirmatively selected guidelines sentencing. Defendant's attorney neither questioned nor objected to the court's suggestion that it was applying the guidelines but was departing from the recommended sentence for the reasons stated.
We do not approve trial counsel's failure to object to guidelines sentencing. His omission deprived the trial court of an opportunity to correct its error in failing to determine whether the defendant had affirmatively selected guidelines sentencing. *91 However, the case law has imposed upon the trial judge the duty of determining this fact before sentencing a defendant under the guidelines, if the defendant's crime was committed prior to the effective date of the guidelines. Because the appellant was sentenced after October 1, 1983 for a crime committed prior to that date, he had the option of choosing conventional sentencing with the right to parole consideration, or of affirmatively selecting guidelines sentencing with no possibility of parole. The record does not reveal any evidence that the defendant affirmatively made a choice to be sentenced pursuant to the guidelines. The sentence must therefore be reversed. Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984); Rodriguez v. State, 458 So.2d 899 (Fla. 2d DCA 1984).
REVERSED and REMANDED for resentencing.
MILLS and SMITH, JJ., concur.