THOMPSON, Judge.
Lloyd appeals a five-year sentence imposed after revocation of her probation. The crime for which she was sentenced was committed prior to the effective date of the sentencing guidelines, Fla.R.Crim.P. 3.701. She contends that the trial court erred in sentencing her under the guidelines since she was given no opportunity to elect or reject guidelines’ sentencing. We agree and reverse.
In November 1983 Lloyd pleaded guilty to charges of attempting to pass and passing worthless bank checks during July 1982. She was adjudged guilty, and placed on probation. Seven months later, after she pleaded guilty to violating her probation, the probation was revoked and she was sentenced to five years imprisonment.
No mention of the sentencing guidelines was made during the sentencing hearing until just prior to its conclusion. At that time, the trial judge stated that he was unsure whether the guidelines should apply, but that if they did, he was departing from them. The record does not reflect *766 any affirmative selection on the part of Lloyd to be sentenced under the guidelines. Neither the fact that a guidelines score-sheet was prepared, nor the fact that Lloyd’s attorney failed to object to guidelines sentencing, vitiates the requirement that Lloyd affirmatively select guidelines sentencing. Finklea v. State, 470 So.2d 90 (Fla. 1st DCA 1985).
Reversed and remanded for resentenc-ing.
MILLS and SMITH, JJ., concur.