PER CURIAM.
The appellant, Nathaniel Bigbee, appeals from the judgments and sentences entered against him. Appellant contends that the trial court erred in sentencing him under the sentencing guidelines, Florida Rules of Criminal Procedure 3.701. We agree.
On March 5, 1984, affidavits of violation of probation were filed alleging that appellant had violated four conditions of his probation. The appellant had been serving a five year term of probation for burglary, a violation of section 810.02, Florida Statutes (1981), and a concurrent term of three years probation for grand theft, a violation of section 812.014(2)(b), Florida Statutes (1981). Both offenses were committed pri- or to October 1,1983. The appellant admitted the violations of probation and, on October 19, 1984, was sentenced to consecutive terms of five years in prison on each of the underlying offenses. At the sentencing hearing, the court was asked why it was departing from the guidelines. The court announced its reasons and subsequently set them forth in writing.
Where an offense occurs prior to October 1, 1983, the sentencing guidelines may only be applied if a defendant affirmatively selects to be sentenced under them. *321 In Re Rule of Criminal Procedure, 439 So.2d 848 (Fla.1983). Such an election must be clear and unequivocal. Cahill v. State, 467 So.2d 366 (Fla. 2d DCA 1985); Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984). The record in this case fails to demonstrate that the appellant affirmatively selected to be sentenced under the guidelines.
The state argues that the record does not indicate that the sentences are, in fact, guideline sentences. It points to the omission of a scoresheet from the appellant’s directions to the clerk as a significant means of distinguishing guidelines sentences, which do not afford the possibility of parole, from sentences imposed prior to the adoption of the guidelines, which do afford parole. We disagree with the state’s argument. Although the record does not contain a guidelines scoresheet, it contains numerous indications of the trial court’s intent to sentence the appellant under the guidelines. At the hearing on appellant’s revocation of probation, the court stated that the guidelines recommended sentence for appellant’s offenses was eight years. When asked at sentencing why it was departing from the sentencing guidelines, the court stated its reasons. The court, moreover, set forth its reasons for departure in writing and indicated on the judgment and sentence forms that the sentence was outside of the guidelines.
Because the record does not reflect a clear and unequivocal election by the appellant to be sentenced under the guidelines, we reverse and remand for resentenc-ing. At resentencing the appellant may affirmatively select to be sentenced under the guidelines. If he does not, the court must resentence him according to the law in effect prior to the adoption of the guidelines. We affirm the judgments in all other respects.
Reversed and remanded for resentenc-ing.
DANAHY, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.