478 So.2d 515 (1985)
Robert L. JACKSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 84-2317 to 84-2319.
District Court of Appeal of Florida, Second District.
November 20, 1985.
*516 James Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant, Robert L. Jackson, was convicted of burglary and delivery of cannabis. The crimes were committed in January of 1981 and September of 1982, respectively. He was placed on probation. Subsequently, Jackson violated probation by battering a law enforcement officer. That offense occurred in July of 1984. As a result, Jackson's probation was revoked and he was adjudicated guilty of all three crimes in September of 1984.
At the sentencing hearing defense counsel orally informed the lower court that the recommended sentence under the guidelines was twelve to thirty months of incarceration. Jackson remained silent as to his desire to be sentenced pursuant to the guidelines. Nevertheless, the lower court departed from the guidelines by imposing consecutive five-year terms of imprisonment for each of the three crimes. In order to justify the enhanced sentence, the lower court filed a written order providing clear and convincing reasons for departure.
Despite the absence of a scoresheet in the record, the transcript of the sentencing hearing when combined with the lower court's written reasons for departure indicate that it measured Jackson's sentence by guidelines standards. Bigbee v. State, 476 So.2d 320 (Fla. 2d DCA 1985). Section 921.001(4)(a), Florida Statutes (1983), however, prohibits the application of sentencing guidelines to crimes occurring prior to October 1, 1983, absent an affirmative selection by the defendant to be sentenced in that manner. Here, Jackson did not affirmatively choose to be sentenced under the guidelines with respect to the pre-October 1, 1983, crimes. His mere silence cannot be construed as an affirmative selection. Rodriguez v. State, 458 So.2d 899 (Fla. 2d DCA 1984). Neither can the defense counsel's discussion of the presumptive sentence with the trial court be considered an affirmative selection. See Blackwelder v. State, 476 So.2d 280 (Fla. 2d DCA 1985).
In sum, with respect to the 1981 and 1982 crimes the lower court erred by considering and departing from the sentencing guidelines without Jackson's affirmative selection. Jackson's failure to object to the sentences did not waive the issue for appellate review. See State v. Rhoden, 448 So.2d 1013 (Fla. 1984). The trial court's error, however, is not to be corrected by resentencing but by modifying the sentences imposed for the crimes committed prior to October 1, 1983, to reflect they are not guidelines sentences, Hart v. State, 464 So.2d 592 (Fla. 2d DCA 1985), *517 and thus, but only to that extent, preserving whatever entitlement Jackson may have to parole.
Accordingly, on remand, the lower court is instructed to modify the pre-October 1, 1983, sentences consistent with this opinion.
GRIMES, A.C.J., and OTT, J., concur.