480 So.2d 160 (1985)
William Russell PROCTOR, Appellant,
v.
STATE of Florida, Appellee.
No. BC-475.
District Court of Appeal of Florida, First District.
December 17, 1985.
*161 Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
William Proctor appeals a final judgment of the trial court revoking his probation and sentencing him to five years imprisonment for grand theft. In view of our construction of rule 3.701(d)(14), Florida Rules of Criminal Procedure, we reverse and remand because the trial court has failed to state sufficient clear and convincing reasons for departure from the recommended sentence under the sentencing guidelines.
On June 21, 1983, appellant was charged with grand theft. He pled guilty and elected to be sentenced under the sentencing guidelines. On October 21 the trial court sentenced appellant to five years probation pursuant to the guidelines, which recommended "any nonstate prison sanction."
On June 28, 1984, an arrest warrant was issued for appellant, alleging he violated probation by committing the offense of burglary of a structure and grand theft on January 31, 1984. On September 10 a probation revocation hearing was held and appellant admitted the violation of probation. On September 14 a sentencing hearing was held, at which the trial judge sentenced appellant to five years imprisonment for the 1983 grand theft offense. The recommended sentence under the sentencing guidelines was "community control or 12 to 30 months incarceration." The court set forth the following reasons for departing from the guidelines:
The Court has gone outside sentencing guidelines because you violated conditions of probation. The Court deems that in itself to be sufficient aggravating circumstances to go outside sentencing guidelines. Also, the extreme warning given to him as to what would happen if he violated any conditions of probation, violations of that warning and failure to take heed is a showing, an unconcern and a failure to abide by the law and that, the Court deems to be sufficient aggravating circumstances.
Appellant's five-year sentence on the grand theft charge was imposed after the effective date of rule 3.701(d)(14), Florida Rules of Criminal Procedure. Both parties have agreed on appeal that this rule is applicable to appellant. Rule 3.701(d)(14) provides:
Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines *162 range) without requiring a reason for departure.
We hold that rule 3.701(d)(14) authorizes the trial court upon revocation of probation to increase a defendant's sentence to the next higher guidelines cell without explanation, but precludes an increase of the sentence beyond one guidelines cell unless the court states clear and convincing reasons for such departure other than the fact that the defendant violated probation. Pentaude v. State, 478 So.2d 1147 (Fla. 1st DCA 1985); Ehrenshaft v. State, 478 So.2d 842 (Fla. 1st DCA 1985). In the present case the recommended sentence under the guidelines was "community control or 12 to 30 months incarceration." The next higher cell under the guidelines recommends a sentence of "three years incarceration." The trial court could have sentenced appellant to three years incarceration without any statement of clear and convincing reasons. The court chose, however, to sentence appellant to five years imprisonment. Because the sentence exceeded three years, the court erred in failing to set forth clear and convincing reasons for such departure other than the fact of violation of probation. Although the court failed to set forth sufficient reasons for departure, we do not mean to imply that permissible clear and convincing reasons for departure do not exist, especially in view of the facts underlying appellant's extensive criminal record.
We recognize that some courts in this state have in the past followed a practice of placing a defendant on probation, say for five years, and upon revocation of probation sentenced him to imprisonment for the same number of years. The construction of rule 3.701(d)(14) approved herein will effectively render this practice impermissible absent other clear and convincing reasons. Therefore, we certify to the Supreme Court the following as a question of great public importance:
WHETHER, UNDER RULE 3.701(d)(14), A PERSON FOUND GUILTY OF VIOLATING PROBATION MAY NOT BE SENTENCED TO MORE THAN THE NEXT HIGHER GUIDELINES CELL UNLESS WRITTEN REASONS OTHER THAN THE VIOLATION OF PROBATION ARE GIVEN FOR DEPARTURE FROM THE GUIDELINES?
Appellant's sentence is reversed and the case is remanded for resentencing. If the court desires to sentence appellant to five years incarceration, it must state clear and convincing reasons for such departure other than the fact that appellant violated his probation.
REVERSED and REMANDED.
BOOTH, C.J., concurs in majority opinion and in specially concurring opinion.
NIMMONS, J., concurs specially.
NIMMONS, Judge, specially concurring.
I concur in Judge Zehmer's opinion. My understanding of the proper interpretation, as hereinafter articulated, of Fla.R.Crim.P. 3.701 d.14. is, I believe, consistent with his opinion.[1]
The apparent intent of this Rule was to allow the sentencing court in any case where probation has been revoked, regardless of the reason for revocation, to sentence the defendant to a term within the next higher cell. This does not mean that the ground or grounds alleged in the probation violation affidavit may not also be properly regarded and cited by the sentencing court as a clear and convincing reason for departing from the guidelines. After all, grounds for probation revocation may be as relatively minor as the failure to pay the costs of probation supervision[2] or as major as the commission of a serious criminal act. It would be unreasonable to construe the above Rule so as to restrict the *163 allowable sentence to the next higher cell regardless of the grounds for revocation.
I agree that in the instant case the sentencing judge, in his reasons for departure, articulated written reasons which justified a sentence only within the next higher cell. This is so because the gist of his written reasons was simply that Proctor had "violated conditions of probation." On remand, the sentencing judge may very well be able to give clear and convincing reasons justifying departure from the guidelines.
NOTES
[1] This Rule was added by amendment effective July 1, 1984. Ch. 84-328, Laws of Florida; The Florida Bar: Amendment to the Rules of Criminal Procedure (3.701; 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984).
[2] See Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978); Sampson v. State, 453 So.2d 919 (Fla. 1st DCA 1984).