McCORD, GUYTE P„ Jr. (Ret.), Associate Judge.
Utsey appeals from a sentence imposed under the guidelines, following the revocation of his probation, on the grounds that he never affirmatively elected to be sentenced under the guidelines. We reverse.
Utsey was placed on probation prior to 1 October 1983, the date the sentencing guidelines became effective, and therefore was entitled to elect to be sentenced under the guidelines upon revocation of his probation. Section 921.001(4)(a), Florida Statutes (1983); Duggar v. State, 446 So.2d 222 (Fla. 1st DCA 1984). The only relevant testimony concerning the method of sentencing in the present case is as follows:
[Defense Counsel] Let me object to the sentencing methods. I haven’t received any guidelines points and certainly he asserts his right to be sentenced. He hasn’t had a chance to refute that, but I’ll note it for the record.
In the recent case of Pentaude v. State, 478 So.2d 1147 (Fla. 1st DCA 1985), this court held that there must be an “affirmative election” to be sentenced under the guidelines, clearly made on the record. The same result was reached in Jackson v. State, 478 So.2d 515 (Fla. 2d DCA 1985), wherein the court held that “mere silence cannot be construed as an affirmative selection.”
Further, as to the sentencing procedure, the trial judge used a guideline score-sheet prepared for the defendant on a Du-val County charge before another judge. The scoresheet should have been prepared for the defendant for the case then before the court in Clay County. Fla.R.Crim.P. 3.701(d)(1).
Reversed and remanded for resentenc-ing.
ERVIN and WIGGINTON, JJ., concur.