ZEHMER, Judge.
This appeal is from a final judgment of the trial court revoking appellant’s probation and sentencing him to five years incarceration as a deviation from the sentencing guidelines. We find it necessary to vacate the sentence and remand.
Appellant was charged on February 25, 1982, with robbery; and on June 11 he entered a plea of guilty to attempted robbery. On July 23 the court entered an order reciting that appellant had pled guilty to robbery and was being placed on five years probation.[1] This probation order was issued prior to the effective date of the sentencing guidelines.
On March 7, 1984, an affidavit for violation of probation was filed based upon appellant’s arrest for uttering a forged instrument. Appellant admitted the violation. The trial court revoked probation and, at the sentencing hearing on the robbery charge, indicated that the recommended sentence under the guidelines was “any nonstate sanction.” The scoresheet indicated that appellant had no prior record.
The trial judge deviated from the recommended sentence and imposed a sentence of five years for the following reason:
The Court has aggravated your sentence beyond the recommended sentencing guidelines score because of the fact that you apparently have a total disregard for the rights of others and that you have a criminal history and have been given a chance before.
The fact is [sic] that you have violated your probation is, in the Court’s view, sufficient aggravating circumstance to *837 aggravate your sentence beyond sentencing guidelines.
Appellant objected to this sentence, stating:
Judge, we would like to object to the sentencing not only outside the guidelines but so far outside of the range called for by the sentencing guidelines in view of the guidelines rule which provides that a violation of probation can be increased one level.
Additionally, Judge, this defendant falls in a category of people who could elect to waive sentencing guidelines as we have discussed before and inasmuch as I am unaware of any appellate decisions on this matter I can’t adequately advise Mr. Sutton whether he would receive more favorable treatment in terms of his release date or to waive or elect sentencing guidelines, therefore, I would request that conditioned on the outcome of any appeal of the Court’s sentence today that he wishes to elect whatever method provides more favorable treatment to him, that is, his release date from prison.
The court responded to this objection as follows:
The record will reflect it is not, or the right to elect sentencing guidelines or right to elect the scoring system of the Department of Corrections prior to sentencing guidelines.
Appellant’s sentence is vacated because the record reflects that he did not make an unconditional “affirmative” election to be sentenced under the sentencing guidelines. Edwins v. State, 475 So.2d 1031 (Fla. 1st DCA 1985).
Appellant’s sentence is also vacated because the trial court deviated more than one sentencing level from the recommended sentence under the guidelines without stating clear and convincing reasons for such departure. As this court has recently recognized, rule 3.701(d)(14), Florida Rules of Criminal Procedure:
[Authorizes the trial court upon revocation of probation to increase a defendant’s sentence to the next higher guidelines cell without explanation, but precludes an increase of the sentence beyond one guidelines cell unless the court states clear and convincing reasons for such departure other than the fact that the defendant violated probation.
Proctor v. State, 480 So.2d 160, 162 (Fla.1st DCA 1985); accord Pentaude v. State, 478 So.2d 1147 (Fla. 1st DCA 1985); Ehrenshaft v. State, 478 So.2d 842 (Fla. 1st DCA 1985). We can discern only two reasons for departure stated by the trial court in the instant case: (1) That defendant violated his probation, and (2) that defendant has a criminal history. The latter reason is not supported by the record, and neither reason is sufficient to support departure from the guidelines beyond one guidelines range.
Accordingly, the case is remanded to allow appellant to make an “affirmative” election to be sentenced under the guidelines or disclaim sentencing thereunder. Equivocal statements such as that quoted above will be treated as a disclaimer. The trial court may increase appellant’s sentence beyond one cell only if there are proper clear and convincing reasons supported by the record other than the mere fact that appellant violated his probation.
REVERSED and REMANDED.
BOOTH, C.J., and WILLIS, BEN C. (Ret.), Associate Judge, concur.

. The parties have not questioned the apparent discrepancy between appellant’s plea of guilty to attempted robbery and the court’s recitation that he pled guilty to robbery. This discrepancy should be clarified on remand.