JOANOS, Judge.
James Monroe Terrell appeals from judgments and sentences in which the trial court departed from the recommended guideline sentence. Terrell alleges the trial court erred in: (1) sentencing pursuant to the guidelines for three offenses which occurred prior to the effective date of the guidelines, in the absence of an affirmative selection; and (2) departing from the recommended guideline sentence in the absence of clear and convincing reasons for departure. We reverse and remand.
Terrell has been convicted and sentenced on four separate counts of burglary. Each of the first three counts involved burglary of a conveyance, which offenses occurred in 1982. Terrell entered pleas of nolo con-tendere and was placed on five years probation for each offense, the probationary periods to run concurrently.
In 1984 Terrell was charged with burglary of a structure, and affidavits of violation of probation were filed in the 1982 cases. Again Terrell entered a plea of nolo conten-dere to the burglary charge. At the sentencing and probation revocation proceeding Terrell’s counsel, who had not acted as counsel in the 1982 cases which resulted in probation, stated he would object to any departure from the recommended guideline sentence of three years. The trial court departed from the guidelines sentence and sentenced Terrell to five years incarceration for the 1984 offense of burglary of a structure, and revoked the probation im *86 posed for the 1982 offenses of burglary of a conveyance. The trial court then also departed from the guidelines and sentenced Terrell to two five-year terms for the 1982 offenses, these terms to run concurrently with the 1984 sentence. The record reflects that the judge and counsel acted under the belief that the guidelines sentencing law pertained to all of the sentences. The cases were consolidated for this appeal.
The law is clear that for those offenses committed before the October 1, 1983 effective date of the guidelines, the record must reflect that the defendant affirmatively selected guideline sentencing before the court can sentence pursuant to the guidelines, s. 921.001(4)(a), Fla.Stat. (1983); Pentaude v. State, 478 So.2d 1147 (Fla. 1st DCA 1985); Finklea v. State, 470 So.2d 90 (Fla. 1st DCA 1985). Mere silence or a discussion of the presumptive sentence does not constitute an affirmative selection. Brinson v. State, 482 So.2d 347 (Fla. 1st DCA 1986); Utsey v. State, 483 So.2d 60 (Fla. 1st DCA 1986); Jackson v. State, 478 So.2d 515 (Fla. 2nd DCA 1985).
Counsel for the State has argued a distinction between the failure to object to a departure from guideline sentencing and the failure to object to guideline sentencing per se. In Hall v. State, 482 So.2d 560 (Fla. 2nd DCA 1986), the court noted it had reviewed many cases—
whereby the record clearly reflects the trial judge has been led to believe there has been an affirmative election, but the record does not specifically reflect the election itself. The defendant in those situations takes advantage, on appeal, of the misconception of the trial judge. While we are sympathetic with the plight of the trial judge in those instances, if the election is not clearly made, we are required to reverse, (citations omitted).
The instant case presents a similar situation. Here, the trial judge was concerned primarily with sentencing on the 1984 case, and it was not brought to his attention that the underlying offenses in the probation revocation cases were committed prior to the effective date of the sentencing guidelines.
With regard to the second point raised in this appeal, i.e., a departure from the guideline sentence predicated on revocation of probation as a ground for departure, this court has held that Florida Rule of Criminal Procedure 3.701(d)(14)—
[authorizes the trial court upon revocation of probation to increase a defendant’s sentence to the next higher cell without explanation, but precludes an increase of the sentence beyond one guidelines cell unless the court states clear and convincing reasons for such departure other than the fact that the defendant violated probation, (emphasis supplied).
Sutton v. State, 485 So.2d 836 (Fla. 1st DCA 1986), citing Proctor v. State, 480 So.2d 160 (Fla. 1st DCA 1985); Pentaude v. State, supra; Ehrenshaft v. State, 478 So.2d 842 (Fla. 1st DCA 1985). By the same token, this court has held that factors already accounted for within the guidelines range may not be used as a basis for departure from the recommended sentencing range. Scott v. State, 469 So.2d 865, 867 (Fla. 1st DCA 1985); Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985); Sarvis v. State, 465 So.2d 573 (Fla. 1st DCA 1985); Napoles v. State, 463 So.2d 478 (Fla. 1st DCA 1985); Burch v. State, 462 So.2d 548 (Fla. 1st DCA), approved, 476 So.2d 663 (Fla.1985).
In this case, the only reason provided by the trial court for departing from the guideline sentence and the range provided by the next higher cell pursuant to Florida Rule of Criminal Procedure 3.701(d)(14) was the fact that Brooks was on probation for three counts of burglary in the 1982 cases. Brooks’s legal status at the time of the offense for which sentence was pronounced had been accounted for on the guidelines scoresheet, and was not a proper basis for departure.
For the foregoing reasons, we reverse the sentences imposed in the 1982 cases and remand for sentencing in accord with *87 the law in effect at the time the offenses were committed. We reverse the sentence imposed in the 1984 case and remand for sentencing pursuant to the requirements set forth in the sentencing guidelines.
Reversed and remanded for proceedings consistent with this opinion.
SHIVERS and NIMMONS, JJ., concur.