489 So.2d 1159 (1986)
Ronnie Edward BRUNSON, Appellant,
v.
STATE of Florida, Appellee.
No. BG-397.
District Court of Appeal of Florida, First District.
May 7, 1986.
As Corrected June 20, 1986.
Michael E. Allen, Public Defender and David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Ronnie Brunson appeals a sentence imposed outside the sentencing guidelines, following the revocation of his probation. We affirm the revocation of probation but reverse and remand for resentencing.
In 1982 Brunson was placed on five years probation for one count of dealing in stolen property and two counts of both burglary and grand theft (Case # 82-1685). In 1983, Brunson was placed on three years probation as to one count each of burglary and grand theft (Case # 83-1677) to run concurrently with his previous order of probation. In 1984, Brunson violated his probation by committing a murder. The trial court revoked Brunson's probation in case numbers 82-1685 and 83-1677. Brunson received sentence of five consecutive five year terms by the trial court's departure from the recommended guidelines of 12-30 months incarceration. Brunson appeals the sentence, alleging scoresheet errors. We agree.
First, the trial court erred in sentencing appellant without scoring the two counts of case # 83-1677 in the guidelines scoresheet in violation of Fla.R.Crim.P. 3.701(d)(1) which requires one guideline scoresheet be prepared covering all offenses pending before the court for sentencing. *1160 A review of the record reveals that the scoresheet and order of revocation cover case # 82-1685, but not case # 83-1677. It is clear from the court's discussion at the sentencing hearing that the trial judge was imposing sentences for revocation of probation in both cases.
Second, the trial court erred by departing from the recommended range for probation violation without written reasons for the departure in case # 82-1685. State v. Boynton, 478 So.2d 351 (Fla. 1985). As this court has recognized, Rule 3.701(d)(14), Fla. R.Crim.P.:
[A]uthorizes the trial court upon revocation of probation to increase a defendant's sentence to the next higher guidelines cell without explanation, but precludes an increase of the sentence beyond one guidelines cell unless the court states clear and convincing reasons for such departure other than the fact that the defendant violated probation. (emphasis supplied).
Sutton v. State, 485 So.2d 836, 837 (Fla. 1st DCA, 1986); Proctor v. State, 480 So.2d 160, 162 (Fla. 1st DCA 1985). The appellate courts of the state have been given the responsibility of determining whether the trial court has articulated clear and convincing reasons for departing from the guidelines sentence. Corum v. State, 484 So.2d 102 (Fla. 1st DCA, 1986). No written reasons at all were given for the trial court's departure.
Third, the sentencing guidelines scoresheet for case # 82-1685 contains a mathematical error. The total points are given as 54 but actually total 64. Brunson's sentence was unaffected because both calculations fall within the same sentencing range. The Florida Supreme Court has recently held that sentencing errors which do not produce an illegal sentence or an unauthorized departure from the sentencing guidelines still require a contemporaneous objection if they are to be preserved for appeal. State v. Whitfield, 487 So.2d 1045 (Fla. 1986). No contemporaneous objection was made by Brunson at the sentencing hearing. According to Whitfield, Brunson waived his right of appellate review on the issue of mathematical error. Nevertheless, the sentence must be vacated because the trial court failed to state written reasons for departure in case # 82-1685 and failed to include case # 83-1677 in the guidelines scoresheet.
Accordingly, the revocation of probation is affirmed but the appellant's sentences for violation of probation in both cases # 82-1685 and # 83-1677 are vacated and the cause remanded for resentencing. A proper sentencing guideline scoresheet including both offenses must be utilized by the trial court at the resentencing. The trial court may reimpose sentences outside the guidelines only if the court states in writing clear and convincing reasons.
AFFIRMED in part, VACATED in part and REMANDED for resentencing.
BOOTH, C.J., and WIGGINTON, J., concur.