BARFIELD, Judge.
Defendant Charles R. Jennings appeals his sentence pursuant to pleas of nolo con-tendere on the grounds that he did not affirmatively elect to be sentenced pursuant to the sentencing guidelines for offenses committed prior to the effective date of the guidelines, and that the trial judge’s reasons for departure are invalid.
While our review of the reasons for departure suggest that reasons number 4, 5 and 7 are impermissible, we do not have to become involved with the details of the reasons for departure as we are remanding the case for resentencing on other grounds.
On November 15, 1976, defendant entered pleas of nolo contendere to two counts of armed robbery. These were first degree felonies authorizing life sentences. Defendant was sentenced to 30 years, of which he was to serve 10 years in prison followed by 5 years on probation with a minimum 3 years for use of a firearm. Following a parole release on January 29, 1980, defendant commenced serving his probation.
In June, 1980, appellant was arrested for robbery for which his probation on the 1976 robberies was revoked. He was sentenced to 5 years in prison on the robbery charge. On July 23, 1984, appellant was released from prison and returned to probation status.
On September 18, 1984, defendant was arrested for a robbery that occurred that day. On January .9, 1985, he was charged by an amended information with robbery, aggravated assault, use of firearm during commission of a felony, and possession of a firearm by a convicted felon. He was also charged with the identical four charges for a robbery that occurred on August 24,1984 and with the same four counts for a robbery on September 16, 1984. All three robberies occurred in the Jacksonville area. Revocation of probation proceedings were also initiated.
The defendant admitted the probation violations and pled guilty to all twelve counts arising from the three 1984 robberies. He was sentenced on February 22, 1985 on all charges, including the probation revocation. A sentencing guidelines scoresheet was prepared containing all charges with the recommended prison sentence of 12 to 17 years. The trial judge chose to depart from the recommended sentence for eight stated reasons.
The defendant contends that he did not make an affirmative election to be sentenced under the guidelines when the trial judge revoked his probation and sentenced him for the 1984 offenses together with the 1976 offenses.
After considering the arguments and a thorough search of the record, we are unable to find an affirmative election by appellant to be sentenced under the guidelines for the 1976 crimes. Absent such an affirmative election by a defendant to be sentenced under the guidelines for crimes occurring before the guidelines were adopted, such a guidelines sentence must be reversed and remanded for resen-tencing. Lloyd v. State, 473 So.2d 765 (Fla. 1st DCA 1985); Finklea v. State, 470 So.2d 90 (Fla. 1st DCA 1985). The defendant’s attorney’s participation in the guidelines sentence determination and the proceedings is not, of itself, sufficient to indicate affirmative selection. Finklea v. State.
Defendant’s clear rejection of a guidelines sentence by this appeal bolsters the absence of an affirmative selection of guidelines and defendant’s desire to be sentenced for the 1976 offenses in accordance with the sentencing procedures in effect when the crimes were committed. The trial judge may impose such portion, or all, of the remainder of the 30 year sentences as his discretion dictates. He may, thereafter, impose sentence for the 1984 offenses as consecutive or concurrent, considering the 1976 convictions as prior convictions. He may reconsider the matter of departure from the guidelines.
*807 REVERSED and REMANDED for re-sentencing.
SHIVERS and ZEHMER, JJ., concur.