SCHOONOVER, Judge.
Appellant, Anthony Davis, appeals from a judgment and sentence imposed upon him after being found guilty of violating the terms and conditions of his probation. We find that the trial court erred in sentencing appellant and, accordingly, remand for re-sentencing.
Appellant was charged with committing, on July 24, 1983, second-degree grand theft, a violation of section 812.014(2)(b), Florida Statutes (1983), and was placed on probation for a period of three years. He was subsequently charged with violating the terms and conditions of his probation. At a hearing held on December 13, 1985, appellant admitted the probation violations and was sentenced to two and one-half years in prison. The trial court stated that if the sentence exceeded the guidelines, it was based on the appellant’s horrendous prior record and his lack of success on probation. It does not appear that either a guidelines scoresheet was prepared or that written reasons for exceeding the guidelines were filed. This appeal timely followed.
Appellant contends and the state agrees that the trial court erred in sentencing appellant pursuant to the guidelines. We agree. Because the underlying offense in this case occurred prior to October 1, 1983, the sentencing guidelines could only be applied to appellant’s sentence if he affirmatively selected to be sentenced under them. In Re Rules of Criminal Procedure, 439 So.2d 848 (Fla.1983). An election to be sentenced under the guidelines must be clear and unequivocal. Bigbee v. State, 476 So.2d 320 (Fla. 2d DCA 1985); Cahill v. State, 467 So.2d 366 (Fla. 2d DCA 1985); Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984). As the record fails to demonstrate that appellant made the requisite election, we must reverse and remand for resentencing.
At resentencing, appellant may either affirmatively elect to be sentenced under the guidelines, or be resentenced according to the law in effect prior to the adoption of the guidelines. If appellant affirmatively elects to be sentenced under the guidelines, a scoresheet must be prepared. If the trial court elects to depart from the guidelines, it must set forth in writing valid reasons for doing so.
Reversed and remanded for resentenc-ing.
GRIMES, A.C.J., and FRANK, J., concur.