500 So.2d 262 (1986)
James T. AUSTIN, Appellant,
v.
STATE of Florida, Appellee.
No. BL-43.
District Court of Appeal of Florida, First District.
December 18, 1986.
Rehearing Denied February 2, 1987.
*263 Michael Allen, Public Defender, Paula S. Saunders, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., John M. Koenig, Jr., Asst. Atty. Gen., for appellee.
MILLS, Judge.
Austin appeals his conviction and sentence for attempted first degree murder, armed robbery, and possession of a firearm during the commission of a felony. He raises two issues on appeal. First, whether the trial court committed reversible error in admitting collateral crime evidence, and, second, whether the trial court erred in sentencing him pursuant to the sentencing guidelines in the absence of an affirmative election. We affirm the conviction; however, based on Austin's second contention, we reverse the sentence imposed herein.
In September of 1985, Austin was charged by information for three offenses which occurred on 17 April 1982: Count I charged Austin with the attempted first degree murder of Daniel Kinser; Count II charged Austin with the armed robbery of Daniel Kinser; and Count III charged Austin with the possession of a firearm during the commission of a felony.
Prior to trial, the State filed a notice of intent to rely on similar fact evidence, alleging Austin had fired a shot at another person not far from the scene of the charged offenses. Austin responded by filing a pretrial motion in limine, seeking to prohibit the introduction of the similar fact evidence. The trial court heard argument on Austin's motion and ruled that the incidents were so closely related in time and the offenses so similar that the evidence was admissible.
During Austin's jury trial, the State called Officer Scotty Sanderson of the Pensacola Police Department to the witness stand. Officer Sanderson testified that during the summer of 1985 a black male named Ralph Lovelace was doing undercover narcotics work for him, at which time Lovelace related to the officer a shooting incident that had occurred some three years earlier. After hearing the story, Officer Sanderson contacted the Escambia County Sheriff's Department, where Lovelace gave a recorded statement after waiving his fifth amendment rights. Although Lovelace was not offered anything in exchange for this information, he was later granted immunity from prosecution by the state.
At trial, Lovelace testified that he first met Austin approximately three years ago through a mutual friend named Charles "Spooney" Jones. According to his testimony, Lovelace drove Spooney Jones to Austin's home, where they visited. Spooney then asked Lovelace to give Austin a ride. Lovelace drove Austin to a Ecol Gas Station on Highway 29, where the appellant told Lovelace to park while he went into the bathroom. Lovelace stated that a minute and a half later, a white man came running out of the bathroom with Austin following him. A gun went off and Lovelace thought Austin had hit the man.
Counsel for the defense objected to the testimony as improper "Williams Rule" evidence. The trial court responded by instructing the jury that the evidence could only be considered for the limited purpose of proving motive, opportunity, intent, *264 preparation, plan, knowledge, identity or the absence of mistake or accident on the part of the defendant.
When testimony resumed, Lovelace stated Austin told him the reason why they went to the gas station was to pick up some money. Lovelace then drove the appellant to St. Johns Street, where he asked the witness to stop the car when he saw a white man, Daniel Kinser, walking along the street. Austin demanded the man's wallet, which he was handed, then shot the man. Lovelace stated the man's wallet contained no money but it did contain a card with a religious insignia on it.
When Daniel Kinser took the witness stand, he testified that at the time of the shooting he was enrolled at the Pensacola Christian College, and his wallet did indeed contain a student ID card with the name and symbol of the school printed on it. Kinser also related he had been shot in the throat during the incident and suffered a paralyzed vocal cord. In addition, Charles "Spooney" Jones testified at the trial, establishing that he had introduced Lovelace to the appellant.
In his defense, Austin took the stand and denied ever being with Lovelace on 17 April 1982 at the gas station, and further denied robbing and shooting Daniel Kinser on the same evening. The jury returned a verdict of guilty as charged on all three counts. At Austin's sentencing on 7 January 1985, the state presented a guidelines scoresheet which reflected a total of 285 points and recommended a sentence of 17 to 22 years. The trial court accordingly sentenced Austin to two concurrent terms of 22 years on Counts I and II, but choose not to impose a sentence on Count III of the information. This timely appeal then ensued.
Evidence of other crimes is admissible if it is probative of a material issue other than the bad character or propensity of an individual. Section 90.404(2)(a), Florida Statutes (1983), which expresses this view, restates the law as determined by the Florida Supreme Court in Williams v. State, 110 So.2d 654 (Fla. 1959). Section 90.404(2)(a) lists proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident as some of the issues to which the evidence of collateral occurrences may be relevant.
Here, the State through its brief does not contend the gas station shooting was relevant to prove one of the above outlined of the res gestae of the crimes charged, and it was necessary for Lovelace to testify to the gas station incident in order to show the entire context of the criminal episode.
In Smith v. State, 365 So.2d 704, 707 (Fla. 1978), cert. den., 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979), the Supreme Court stated that "[a]mong the other purposes for which a collateral crime may be admitted under Williams is establishment of the entire context out of which the criminal conduct arose." The Smith opinion also reiterated that relevancy is the crucial factor in determining admissibility of evidence. Briefly, the facts in Smith were as follows: The defendant and two friends picked up a man for purposes of robbing him, which they did. They also murdered the man. After the murder, a disagreement broke out between the three men over how to divide the proceeds of the robbery. This resulted in the death of one of the men. The defendant's car was used throughout the criminal episode and the same ice pick used in both murders. The Court in Smith held that evidence of the second murder was properly admitted to illustrate the criminal context of the first murder and was relevant to place the defendant at the scene of the first murder.
Another case on point is Hall v. State, 403 So.2d 1321 (Fla. 1981), wherein the Supreme Court held that collateral crime evidence with respect to another murder committed on the same evening by the defendant was admissible to prove identity because the weapon used in that murder was found underneath the body of the victim in the case at trial; and the collateral crime showed the general context in which the criminal action occurred. Similarly, in Heiney v. State, 447 So.2d 210 (Fla. 1984), cert. den., 469 U.S. 920, 105 S.Ct. 303, 83 *265 L.Ed.2d 237 (1984), the Supreme Court held that evidence of a prior shooting committed by the defendant in another state was admissible because it was relevant to show the defendant's desire to avoid apprehension which motivated him to commit robbery and murder in Florida so that he could obtain money and a car in order to continue his flight from justice.
Recently a case dealing with this issue was handed down by the Fourth District. Tumulty v. State, 489 So.2d 150 (Fla. 4th DCA 1986). In Tumulty, the defendant, on trial for murder, asserted error in the admission of testimony concerning drug smuggling operations in which she was involved. The murder victim in Tumulty had stolen a plane used by the defendant and others to smuggle drugs into the country. The Fourth District found no error. Interestingly, the state in Tumulty did not argue the drug smuggling trips were admissible under the "Williams Rule," but rather asserted they were "inseparable crime evidence" admissible under Section 90.402, Florida Statutes, simply as relevant evidence. This, in fact, has been the view adopted by our federal courts. The Eleventh Circuit has repeatedly held that Rule 404(b) of the Federal Rules of Evidence (the counterpart to Section 90.404(2)(a)) applies only to evidence of crimes and acts extrinsic to the charged offense. Otherwise stated, evidence of uncharged offenses arising out of the same transaction or series of transactions as the charged offense is not considered evidence of an "extrinsic" offense within the proscription of Rule 404(b). See, United States v. Kloock, 652 F.2d 492 (5th Cir.1981); United States v. Saintil, 753 F.2d 984 (11th Cir.1985); United States v. Leichtman, 742 F.2d 598 (11th Cir.1984); United States v. Montes-Cardenas, 746 F.2d 771 (11th Cir.1984).
Without deciding the question of whether "inseparable crime evidence" is admissible under Section 90.402, which generally provides that relevant evidence is admissible, or under Section 90.404(2), which specifically provides for the admissibility of similar fact evidence to prove a material fact, we hold the collateral crime evidence at issue herein was so inextricably intertwined with the crimes charged that an intelligent account of the criminal episode could not have been given by Lovelace without reference to the gas station shooting. In so holding, we find the testimony of the gas station incident was relevant to cast light on the character of the crimes for which Austin was prosecuted, Ruffin v. State, 397 So.2d 277 (Fla. 1981), and to show his need for money as a motive for committing the crimes. Heiney v. State, supra. In the opinion of this court, the credibility of Lovelace's testimony would have been greatly diminished if he had been prevented from testifying as to why he and Austin were together when they discovered the victim in this case.
The crimes for which Austin was sentenced were committed prior to the effective date of the sentencing guidelines. Section 921.004(a), Florida Statutes (1985), forecloses application of the guidelines to crimes committed prior to 1 October 1983, absent an affirmative selection by the defendant to be sentenced pursuant to the guidelines.
The instant record does not disclose that Austin made such an affirmative election. However, case law has clearly established that the record must reflect an affirmative selection by the defendant before the trial court can sentence pursuant to the guidelines. Utsey v. State, 483 So.2d 60 (Fla. 1st DCA 1986). Neither the fact that a guidelines scoresheet was prepared, nor the fact that Austin failed to object to the guidelines sentencing, vitiates the requirement of an affirmative selection. Lloyd v. State, 473 So.2d 765 (Fla. 1st DCA 1985); Finklea v. State, 470 So.2d 90 (Fla. 1st DCA 1985).
Accordingly, we affirm the conviction and reverse the sentence imposed on Austin's conviction and remand for resentencing.
SHIVERS and JOANOS, JJ., concur.