WENTWORTH, Judge.
Appellant seeks review of his 30 month guidelines sentence following revocation of probation. He argues that he did not affirmatively select guidelines sentencing for offenses committed prior to the effective date of the guidelines. We agree and reverse.
Appellant committed the underlying offenses on April 21, 1983, and, after adjudication upon entry of guilty pleas, he was sentenced to five years probation. He was arrested again in 1985. Upon conviction of that offense, he was sentenced to five years incarceration and his probation was revoked. At the probation revocation hearing, the state informed appellant that the recommended guidelines sentence permitted a range of 12 to 30 months incarceration or community control, and that it would seek incarceration.
Under section 921.001(4)(a), Florida Statutes, a defendant sentenced after October 1, 1983 for a crime committed prior to that date must affirmatively select guidelines sentencing. Cochran v. State, 476 So.2d 207 (Fla.1985). Because the record here does not reflect that appellant affirmatively selected guidelines sentencing, we remand for resentencing. See, Terrell v. State, 486 So.2d 85 (Fla. 1st DCA 1986). Although appellant’s attorney participated in a discussion of the guidelines scoresheet, this court has found that neither the defendant’s silence nor his attorney’s participation in the guidelines sentence determination is sufficient to indicate an affirmative selection. Utsey v. State, 483 So.2d 60 (Fla. 1st DCA 1986).
Appellant argues also that if the conviction upon which his revocation of probation is based is reversed on appeal, his revocation of probation must be reversed as well. Appellant’s conviction in the related case has not yet been reversed, and this issue is not properly before the court.
Accordingly, the case is reversed and remanded for resentencing.
WIGGINTON and NIMMONS, JJ., concur.