753 So.2d 1242 (2000)
Clemon LEWIS, Jr., Petitioner,
v.
Michael W. MOORE, etc., and The Florida Parole Commission, Respondents.
No. SC94870.
Supreme Court of Florida.
February 17, 2000.
Clemon Lewis, Jr., Cross City, Petitioner, pro se.
Judy Bone, Assistant General Counsel, Department of Corrections, Tallahassee, Florida; and William L. Camper, General Counsel, and Mark J. Hiers and Kim M. Fluharty, Assistants General Counsel, Florida Parole Commission, Tallahassee, Florida, for Respondents.
PER CURIAM.
Clemon Lewis, Jr., petitions this Court for writ of habeas corpus. We have jurisdiction. *1243 Art. V, § 3(b)(9), Fla. Const. For the reasons set forth below we deny the petition.
In 1989, Lewis began serving an overall prison sentence of seventeen years for cocaine offenses committed in February and March of 1989. Due to prison overcrowding, Lewis was awarded 2129 days of control release credits. With those credits, and 2760 days of "regular" (basic and incentive) gain time, Lewis was released in 1992 and was placed on control release supervision. Since Lewis's offenses were committed prior to the effective date of the control release program, Lewis was given the option of declining placement on control release supervision but opted to accept control release. See Fla. Admin. Code R. 23-22.006(25).
Thereafter, Lewis violated his control release supervision by committing a new crime, and his supervision was revoked in 1997. Upon his return to prison, both his regular gain time credits and his control release credits were forfeited. Lewis then petitioned this Court, arguing that the forfeiture of his control release credits was a violation of the Ex Post Facto Clause. The issue presented here is how the principles of our recent decisions in State v. Lancaster, 731 So.2d 1227 (Fla.1998), cert. denied, ___ U.S. ___, 119 S.Ct. 1591, 143 L.Ed.2d 684 (1999), and Bowles v. Singletary, 698 So.2d 1201 (Fla.1997), should be applied to the forfeiture of control release credits upon control release revocation.
In Lancaster, we held that the overcrowding credits known as administrative gain time and provisional credits were merely another type of gain time which could be forfeited upon violation of the conditions of release. We found that section 944.28(1), Florida Statutes (1989), provided the requisite statutory authority for this forfeiture, but only if the releasee's underlying criminal offense was committed on or after October 1, 1989 (the effective date of the amendments to the gain time forfeiture statutes adding probation to the circumstances permitting forfeiture).[1] Since Lancaster's underlying offense was committed prior to that date, the State could not forfeit his gain time without violating ex post facto principles. See U.S. Const. art. I, § 9; Art. I, § 10, Fla. Const.
Similarly, we now hold that control release credits are another type of overcrowding gain time which may be forfeited upon supervision revocation. The requisite statutory authority for this forfeiture is found both in section 947.141(6) and in section 944.28(1), Florida Statutes (1999). Section 947.146(14), Florida Statutes (Supp.1996) provides:
Effective July 1, 1996, all control release dates established prior to such date become void and no inmate shall be eligible for release under any previously established control release date. Offenders who are under control release supervision as of July 1, 1996, shall be subject to the conditions established by the authority until such offenders have been discharged from supervision. Offenders who have warrants outstanding based on violation of supervision as of July 1, 1996, or who violate the terms of their supervision subsequent to July 1, 1996, shall be subject to the provisions of s. 947.141.
The last two sentences of subsection (14) cover Lewis, and while subsection (14) does not actually cancel or forfeit control release credits, it cross-references section 947.141, which provides for the forfeiture of gain time. With only minor revisions since 1989,[2] section 947.141(6) has provided, in pertinent part:

*1244 Whenever a conditional release, control release, or conditional medical release is revoked by a panel of no fewer than two commissioners and the releasee is ordered to be returned to prison, the releasee, by reason of the misconduct, shall be deemed to have forfeited all gain-time or commutation of time for good conduct, as provided for by law, earned up to the date of release.

See § 947.141(6), Fla. Stat. (1999)(emphasis added).
Accordingly, because we find that control release credits are a type of gain time, section 947.146(14), by cross-referencing section 947.141(6), may be used to forfeit control release credits upon supervision revocation. In addition, we also find that because control release credits are a type of gain time, the regular gain time forfeiture statute (section 944.28(1)) may be used to forfeit control release credits.
Finally, as to Lewis, who committed his crime in 1989, we have already held in Bowles v. Singletary, 698 So.2d 1201 (Fla. 1997), that based on the principles of waiver, the State can use section 944.28(1), Florida Statutes (1989), to forfeit regular gain time upon control release revocation even if the releasee's underlying criminal offense was committed prior to the effective date of the control release program, if the releasee accepted placement on control release. Id. We see no reason why we should not extend our holding in Bowles to cover the overcrowding gain time known as control release credits.
Therefore, we further hold in this case that if a releasee who committed the underlying criminal offense prior to the effective date of the control release program accepts placement on that program and then violates the terms and conditions of control release, the State may forfeit both regular (basic and incentive) gain time and the overcrowding gain time known as control release credits. The State may forfeit all such credits despite the fact that the relevant forfeiture provisions were enacted after the releasee's underlying criminal offense because, by accepting release under the newly created control release program, the releasee waived any ex post facto claims. Accordingly, the petition for writ of habeas corpus is denied.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Section 944.28(1), Florida Statutes (1999) provides for the forfeiture of "all gain-time." Section 948.06(6), Florida Statutes (1999), provides similar forfeiture authority.
[2] From 1989 to 1995, section 947.141 specifically mentioned only violators of conditional release or conditional medical release. However, the control release statute, section 947.146, has always indicated that a control releasee who violates his or her supervision is subject to 947.141. See § 947.146, Fla. Stat. (1989-1999).