772 So.2d 1208 (2000)
Richard WESTBERRY, Petitioner,
v.
Michael W. MOORE, The Florida Department of Corrections, and The Florida Parole Commission, Respondents.
No. SC96176.
Supreme Court of Florida.
November 9, 2000.
Richard Westberry, Okeechobee, Florida, Petitioner, pro se.
Louis A. Vargas, General Counsel, and Sharon L. Wells, Assistant General Counsel, the Florida Department of Corrections, Tallahassee, Florida; and William L. Camper, General Counsel, and Kim M. Fluharty, Assistant General Counsel, the Florida Parole Commission, Tallahassee, Florida, for Respondent.
PER CURIAM.
Richard Westberry petitions this Court for writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const.

FACTS
In 1989, Westberry began serving an overall ten-year sentence for criminal offenses committed in 1987 and 1988. Westberry was awarded both Provisional Credits and Control Release Credits and accepted early release under the Control Release program in 1991. Westberry violated his Control Release and was returned to prison in 1997. All his previously awarded "regular" gain time (Incentive Gain Time and Basic Gain Time) and his overcrowding credits (Control Release Credits and Provisional Credits) were forfeited. Westberry subsequently filed a petition for writ of habeas corpus in this Court arguing that his case was similar to the inmate's case in State v. Lancaster, 731 So.2d 1227 (Fla.1998) (State could not forfeit overcrowding credits because inmate's offense had been committed prior to October 1, 1989, when the relevant forfeiture provision went into effect). Westberry argued that since his underlying criminal offense, like Lancaster's, was committed prior to October 1, 1989, the State could not forfeit his regular or overcrowding gain time.

ANALYSIS
We conclude that Westberry's case is not similar to Lancaster's case. Lancaster concerned the forfeiture of gain time upon probation revocation. Since the statutory authority for gain time forfeiture upon probation revocation did not go into effect until October 1, 1989, it could not be applied to Lancaster, whose offense was committed prior to that date.
Westberry's case concerns forfeiture of gain time upon Control Release revocation (not probation revocation). As explained in Bowles v. Singletary, 698 So.2d 1201 (Fla.1997) (allowing forfeiture of "regular" gain time upon Control Release revocation), and Lewis v. Moore, 753 So.2d 1242 (Fla.2000) (allowing forfeiture of Control Release Credits upon Control Release revocation), although the Control Release gain *1209 time forfeiture authority went into effect on September 1, 1990, since inmates whose offenses were committed prior to that date were given the option to accept or reject early release on Control Release, such inmates waived any ex post facto claim they might have had.
Even though Lewis spoke only of the overcrowding gain time known as Control Release Credits and Westberry lost two different types of overcrowding credits (Provisional Credits and Control Release Credits), the reasoning of Lewis applies equally to both. This Court has already stated in State v. Lancaster, 731 So.2d 1227, 1230-31 (Fla.1998), that since the relevant forfeiture provisions provide for the forfeiture of "all gain time" and Provisional Credits are merely another type of overcrowding gain time, they are forfeitable under the same provisions as those at issue in Lewis.[1] Therefore, logically, Westberry waived any ex post facto claim he may have had for any overcrowding gain time (including both Provisional Credits and Control Release Credits) when he accepted early release under the Control Release program. Therefore, we deny the instant petition for writ of habeas corpus.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] See §§ 944.28(1); 947.141(6), Fla. Stat. (1999).