Jerry L. Wilson petitions this Court for a writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. We deny the petition.
 FACTS
In early 1992, while serving numerous sentences for drug trafficking crimes committed in 1984 and 1986, Wilson wrote the Florida Parole Commission (hereinafter the Commission) asserting that he had become rehabilitated and that he wished to be released early on control release. In mid-1992, the Commission offered Wilson the option of early release on control release. Wilson accepted control release and signed the waiver form and was released. Wilson violated the terms and conditions of his release by the commission of new drug offenses and was returned to prison. Upon his return, Wilson's incentive gain time, basic gain time, control release credits, and administrative gain time were forfeited due to the control release revocation. He then filed a petition for writ of habeas corpus asserting that the State had improperly forfeited his credits and that he had been forced out on control release.
 ANALYSIS
We conclude that this case is controlled by our decision in Westberryv. Moore, 772 So.2d 1208 (Fla. 2000), in which we recognized that, like other types of gain time, control release credits and provisional credits are forfeitable upon control release revocation if the releasee's underlying criminal offenses were committed after the effective date of the control release gain time forfeiture provisions or if the releasee waived ex post facto claims by accepting early release on control release.
The concept of waiver was originally explained in our decision inBowles v. Singletary, 698 So.2d 1201 (Fla. 1997). In that case we held that the State can forfeit regular gain time (basic and incentive) upon control release revocation even if the releasee's underlying criminal offense was committed prior to the effective date of the control release program because, by accepting early release on control release, the releasee waived any ex post facto claims. Id. We later extended that same concept to the forfeiture of control release credits in Lewis v.Moore, 753 So.2d 1242 (Fla. 2000), and to provisional credits (as well as control release credits) in Westberry.
Since Wilson sought early release on control release and accepted its terms and conditions, he, like the releasees in Bowles, Lewis, andWestberry, waived any ex post facto claims he may have had. In fact, Wilson's case is nearly identical to Westberry's, except that instead of losing regular gain time, control release credits and provisionalcredits, Wilson lost regular *Page 867 
gain time, control release andadministrative gain time. This Court has already held that provisional credits and administrative gain time were merely different names for essentially the same type of prison overcrowding credits. See Griffinv. Singletary, 638 So.2d 500, 501 (Fla. 1994). Accordingly, the same principles should apply to this case and we hereby extend the reasoning ofWestberry to this case and hold that, like the other types of gain time, control release, provisional credits and administrative gain time are forfeitable upon control release revocation if the releasee's underlying criminal offenses were committed after the effective date of the control release gain time forfeiture provisions or the releasee waived ex post facto claims by accepting release on control release.
The petition for writ of habeas corpus is denied.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., Concur.