PER CURIAM.
Mark Allen Thomas petitions this Court for a writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const.
In 1991, Thomas began serving an overall nine-year sentence for numerous criminal offenses, some committed before the early release program called “control release” [1] went into effect (referred to as the 1989 cases), and some committed after control release went into effect (referred to as the 1991 cases).
Thomas was awarded a large number of control release credits (a type of overcrowding gain time) and accepted an early release under the control release program in 1992. Since Thomas already had probation to follow, under the control release statute, see § 947.146(10), Fla.Stat. (2000), the terms of his probation applied.[2] This resulted in Thomas being placed on a three-year period of probation for the 1991 cases and a concurrent one-year period of control release supervision for the 1989 cases.
Thomas violated his probation as to the 1991 cases by receiving new convictions and was returned to prison in 1993. All of his previously awarded control release credits and his “regular” (basic and incentive gain time) were forfeited by the Department of Corrections (Department) for the 1991 cases, but the Department did not forfeit any gain time for the 1989 cases. Due to the probation revocation, the Florida Parole Commission (Commission) vacated but did not revoke the control release supervision it had imposed on the 1989 cases. It then denied Thomas credit for time spent on control release supervision.
There is no issue in this case as to gain time forfeiture in the 1989 cases because it is clear that the Department has not forfeited any gain time (regular or otherwise) in those cases. Regarding the 1991 cases, this Court has already made clear that the State may properly forfeit a number of different types of gain time upon probation revocation if the underlying crimes were committed on or after the effective date of the probation gain time forfeiture provisions, i.e., on or after October 1, 1989. See State v. Lancaster, 731 So.2d 1227 (Fla.1998) (allowing forfeiture of provisional credits and administrative gain time upon probation revocation); Forbes v. Singletary, 684 So.2d 173 (Fla.1996) (allowing forfeiture of incentive and basic gain time upon probation revocation). Since the 1991 offenses were committed after October 1, 1989, the State properly forfeited gain time in those cases.
This Court has also made clear that the State may properly forfeit a number of different types of gain time upon control release revocation if the releasee accepted control release. See Westberry v. Moore, 772 So.2d 1208 (Fla.2000) (forfeiture of provisional credits upon control release revocation); Lewis v. Moore, 753 So.2d *1198 1242 (Fla.2000) (forfeiture of control release credits upon control release revocation); Bowles v. Singletary, 698 So.2d 1201 (Fla.1997) (forfeiture of basic and incentive gain time upon control release revocation). These decisions were based, in part, upon the simple concept that all of these credits are merely another type of gain time.
We conclude that this same concept should apply in the instant case as well. That is, control release credits are simply another type of overcrowding gain time which the Department may forfeit upon probation revocation if the releasee’s underlying criminal offense was committed on or after the effective date of the probation gain time forfeiture provisions. See § 944.28(1); 948.06(7), Fla.Stat. (2000); see also ch. 89-531, § 6 at 2717, Laws of Fla. (providing for an effective date of October 1,1989).
The other issue in this case is whether the Parole Commission may deny credit, for time spent on control release supervision when that supervision is vacated, but not revoked, based on the releas-ee’s revocation of probation. When an order is vacated, it is nullified, canceled, invalidated, or made void. See Black’s Law Dictionary 1546 (7th ed.1999). When an order is vacated, it may be considered void ab initio, meaning that it was a nullity from the beginning. Id. Therefore, when Thomas’s placement on control release supervision was vacated, it was “voided out” from the beginning-erased as if it had never occurred. In other words, the order vacating the placement of Thomas on supervision puts things back as they had been before placement on supervision. Since the control release supervision is now a nullity, the time Thomas spent on that supervision is also “voided out” so that he may begin as if he had never been placed on supervision.
It is important to keep in mind that since Thomas did not abide by the terms and conditions of the supervision, i.e., he committed new crimes resulting in new convictions and the revocation of his probation, he was not really “serving” time on supervision at all. Time spent out of prison while under supervision should only be credited toward service of the prison sentence when the supervisory period is successfully completed. This has long been the rule for older types of supervision such as parole. See, e.g., Coleman v. Wainwright, 323 So.2d 581 (Fla.1975) (Commission has the discretion to grant or deny credit for time spent on revoked parole).
Not long ago, this Court concluded that the Commission has the discretion to grant or deny credit for time spent on control release if it has been revoked due to the releasee’s violation of the terms and conditions of his or her release. See Gay v. Singletary, 700 So.2d 1220 (Fla.1997).[3] Similarly, here we conclude that the Commission has the discretion to deny credit for time spent on control release when the releasee’s probation has already been revoked and the Commission vacates[4] the *1199 grant of control release. In sum, therefore, we hold as follows.
First, upon probation revocation, the Department may forfeit control release credits if the releasee’s underlying criminal offense was committed on or after the effective date of the probation gain time forfeiture provisions.
Second, upon control release vacation, the Commission may deny credit for time spent on control release if, while on control release supervision, the releasee committed acts resulting in probation revocation and the Commission vacated the control release supervision due to that revocation, and either: (1) the releasee’s underlying criminal offense was committed on or after the effective date of the control release program; or (2) the releasee’s underlying criminal offense was not committed on or after the effective date of the control release program, but the releasee accepted supervision on control release.
The petition for writ of habeas corpus is denied.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur. ■

. See § 947.146, Fla.Stat. (2000). The control release program went into effect on September 1, 1990. See ch. 89-526, § 52, at 2690, Laws of Fla.

. In other words, in such situations, the re-leasee is on both probation and control release supervision, but to minimize confusion, there is only one supervision/probation officer and the terms of the probation control.

. This Court even more recently extended that principle to the conditional release program. Rivera v. Singletary, 707 So.2d 326 (Fla.1998).

. The control release statute provides that if a court has already revoked the releasee’s probation or community control, the Commission need not go through the revocation procedure again; it can merely vacate the original grant of supervision. The statute provides in pertinent part:
If any inmate placed on control release supervision is also subject to probation or community control, the department shall supervise such person according to the conditions imposed by the court, and the authority shall defer to such supervision. If the court revokes the probation or community control, the authority, as the result of the *1199 revocation, may vacate the grant of control release and resulting deferred control release supervision or take other action it considers appropriate. If the term of control release supervision exceeds that of the probation or community control, then supervision shall revert to the authority's conditions upon expiration of the probation or community control.
See § 947.146(10), Fla.Stat. (1999) (emphasis added).