873 So.2d 1250 (2004)
Wilfred L. KNOX, Appellant,
v.
STATE of Florida, et al., Appellees.
No. 5D03-3888.
District Court of Appeal of Florida, Fifth District.
May 28, 2004.
Wilfred L. Knox, Daytona Beach, pro se.
Judy Bone, Assistant General Counsel, Department of Corrections, Tallahassee, for Appellee, Department of Corrections.
No Appearance for Appellee, State of Florida.
*1251 PLEUS, J.
Wilfred Knox appeals from an order denying his pro se petition for writ of habeas corpus. This is the third bite at the apple for Knox.
The issue in this case is precisely the same issue previously adjudicated in two actions brought by Knox. Furthermore, the issue, whether an ex post facto violation occurred when the Department of Corrections forfeited Knox's gain time upon revocation of his control release, was correctly decided adversely to Knox in those actions.
In 1986, Knox was sentenced as an habitual offender to 30 years for a robbery. In 1988, he was re-sentenced to 30 years and the habitual offender designation was removed.
In 1993, Knox was released early from prison to control release supervision. Knox violated the terms of supervision and supervision was revoked by the Florida Parole Commission. As a penalty for the violation, and based upon section 944.28(1), Florida Statutes, DOC forfeited the gain time earned before release. Knox was returned to the custody of DOC to continue serving the 30 year sentence.
In 1997, Knox filed a petition for writ of mandamus in the Second Judicial Circuit. The petition challenged the forfeiture of gain time upon revocation of control release supervision on the basis that the forfeiture constituted an ex post facto violation.
The State's response to the petition noted that forfeiture authority is set out in sections 947.146 and 944.28(1), Florida Statutes. Citing Bowles v. Singletary, 698 So.2d 1201 (Fla.1997), DOC argued that the forfeiture did not constitute an ex post facto violation because Knox waived any ex post facto claim he might otherwise have when he voluntarily accepted the offer of early release. The circuit court denied the petition, expressly rejecting the ex post facto claim.
Knox appealed to the First District Court of Appeal but the case was dismissed for failure to pay the filing fee. Thereafter, Knox filed the instant petition for writ of habeas corpus in the Seventh Judicial Circuit. Knox again challenged the forfeiture of gain time as a result of the revocation of control release supervision on ex post facto grounds. DOC filed its response seeking denial of the petition on the grounds of res judicata, collateral estoppel and abuse of the writ.
In addition to citing to the prior circuit court ruling, the response noted that Knox's claim had also been litigated with the Florida Parole Commission. In a per curiam affirmance, the First District affirmed the denial of relief as follows:
AFFIRMED. See Westberry v. Moore, 772 So.2d 1208, 1209 (Fla.2000) (holding that a defendant who accepts the benefits of control release waives any argument that application of the control release program, in the form of the forfeiture of gain time, was an ex post violation because control release was enacted after the date of his or her offense.); Bowles v. Singletary, 698 So.2d 1201, 1204, (Fla.1997) ("[A]n affirmative election to accept a newly created program waives any potential ex post facto argument the petitioner may have had.")
Knox v. Florida Parole Commission, 825 So.2d 958 (Fla. 1st DCA 2002).
The trial court below correctly concluded that relitigation of this matter is barred by the doctrine of collateral estoppel or issue preclusion. Collateral estoppel prevents identical parties and their privies from relitigating the same issues that have previously been adjudicated.
*1252 State v. McBride, 848 So.2d 287 (Fla.2003). As stated in McBride:
Although collateral estoppel generally precludes relitigation of an issue in a subsequent but separate cause of action, its intent, which is to prevent parties from rearguing the same issues that have been decided between them, applies in the post conviction context.
848 So.2d at 291.
As this issue was fully litigated in a final decision of the Second Judicial Circuit, Knox is estopped from relitigating the issue again.
A manifest injustice exception was recognized in McBride, 848 So.2d at 292, but this exception is inapplicable here. As the Second Judicial Circuit noted in denying Knox relief, an inmate waives any ex post facto argument as to forfeiture of gain time upon revocation of control release by electing to accept the terms and conditions of early release under the control release program.[1]Westberry v. Moore, 772 So.2d 1208, 1209 (Fla.2000); Bowles v. Singletary, 698 So.2d 1201 (Fla.1997). The First District applied this principle when Knox unsuccessfully raised this same claim in his action against the Florida Parole Commission. The trial court here correctly concluded that Knox, having taken advantage of control release, is barred from challenging the forfeiture of gain time resulting from revocation of that control release.
AFFIRMED.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] The authority to forfeit control release gain time went into effect on September 1, 1990. Inmates such as Knox, whose offenses were committed prior to that date were given the option to accept or reject early release on control release. Knox accepted early release, then violated the terms of such release.