894 So.2d 1070 (2005)
Micheal HOGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-4293.
District Court of Appeal of Florida, Fifth District.
February 18, 2005.
*1071 Micheal Hogan, pro se.
No Appearance for Appellee.
SHARP, W., J.
Hogan appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), seeking to correct an illegal sentence. Below, Hogan filed a "motion for declaratory judgment," asserting his life sentence is illegal because "it violates his constitutional right against an indefinite sentence." The trial court treated the motion as one filed pursuant to Rule 3.800(a) and denied it as successive because Hogan had raised this same issue in a prior Rule 3.800(a) motion, which was resolved adversely to him on the merits. See Hogan v. State, 826 So.2d 317 (Fla. 5th DCA 2002).
By packaging the same legal issue in a different form or format, a party or defendant cannot avoid the impact of the law of the case doctrine: the finality of legal issues once pursued on the merits, to their ultimate conclusion. See State v. McBride, 848 So.2d 287 (Fla.2003); Knox v. State, 873 So.2d 1250 (Fla. 5th DCA 2004), cause dism., 884 So.2d 22 (Fla.2004). This motion was properly summarily denied by the trial court because it is clearly successive and improper. We warn Hogan against filing additional improper pleadings seeking to raise this issue in the future.
AFFIRMED.
SAWAYA, C.J. and MONACO, J., concur.